WOOD *v.* NESBITT.

*(Supreme Court, General Term, First Department. June 3, 1892.)*

SUBMISSION ON AGREED STATEMENT—SETTING ASIDE DECISION.

A decision of the general term in a controversy submitted on an agreed statement under Code Civil Proc. § 1279, which provides for such submission, in good faith, of a real controversy, for the purpose of determining the rights of the parties, will be set aside, as not of the independent character contemplated by the Code, where it appears that the same attorney prepared the statement and also the briefs of both parties. Decision in 16 N. Y. Supp. 918, vacated.

Controversy between Jennie E. Wood, as administratrix with the will annexed of Samuel Wood, deceased, against Robert M. Nesbitt. The cause was submitted on an agreed statement under Code Civil Proc. § 1279, which provides as follows: "The parties to a question in difference, which might be the subject of an action, being of full age, may agree upon a case containing a statement of the facts upon which the controversy depends, and may present a written submission thereof to a court of record which would have jurisdiction of an action brought for the same cause. The case must be accompanied with the affidavit of one of the parties to the effect that the controversy is real, and that the submission is made in good faith, for the purpose of determining the rights of the parties. The submission must be acknowledge or proved and certified, in like manner as a deed, to be recorded in the county where it is filed." The controversy came on to be heard on such submission by the general term, where a decision was rendered in favor of plaintiff, and an opinion was filed. See 16 N. Y. Supp. 918. Charles Hewlett and others, claiming an interest in the subject-matter of the controversy, move that the submission be dismissed, and the decision heretofore made on such submission be vacated; basing the motion on the ground that the statement of facts and the briefs of the respective parties were all prepared by the same attorney, whereby the independent character of the submission contemplated by the statute was destroyed. Motion granted.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Davies, Short & Townsend*, (*Julien T. Davies*, of counsel,) for the motion. *Magner & Hughes*, (*Thomas P. Wickes*, of counsel,) opposed.

PER CURIAM. · Upon examination of the voluminous affidavits submitted upon this motion, not one-tenth part of which had any relevancy to the question involved, we have concluded that Mr. Valentine was in fact the counsel for both parties, and that the controversy was not of that independent character which the Code contemplates. We think, therefore, that the motion should be granted, without costs.

### NOTE.

The order entered on this decision was made June 14, 1892, and is as follows: "An agreed case and a statement of facts for the submission of controversy in pur-.suance of section 1279 of the Code of Civil Procedure having been filed on the 24th day of October, 1891, in the office of the clerk of the county of New York, and hereafter submitted by attorneys for the respective parties to this court for its decision, and this court having at the December, 1891, term thereof, rendered its decision thereon, together with an opinion upon the questions so submitted, and no judgment having been entered thereon, and a motion having been thereafter made at a term of this court held in March, 1892, upon an order to show cause, granted upon the application of Charles Hewlett and others, claiming an interest in the subject-matter of the controversy, for the purpose of setting aside said proceedings, and such motion having come on to be heard at the April, 1892, term of this court, upon the affidavits of Edward T. Schenck and Charles Hewlett, sworn to March 10, 1892, Byron Traver and Edward Schenck, sworn to March 11, 1892, Charles F. Halstead and George B. Ackerly, sworn to February 27, 1892, and said order to show cause granted in support of said motion, and the affidavits of Thomas F. Magner, sworn to March 18, 1892, Robert M. Nesbitt, sworn to March 17, 1892, Jennie E. Wood, sworn to April 5, 1892, Benjamin E. Valentine, sworn to April 6, 1892, William Hughes, sworn to April 4, 1892, George B. Ackerly, sworn to April 2, 1892, and Robert M. Nesbitt, sworn to April 5, 1892, in opposition thereto, and the affidavits of Edward T. Schenck, sworn to April —, 1892, and Alfred L. Simonson, sworn to June —, 1892, in reply, and after hearing Julien T. Davies, Esq., of counsel for said Charles Hewlett and others, in support of the motion, and Thomas P. Wickes, Esq., of counsel for the plaintiff, opposed, and it appearing to the court that the aforesaid controversy, and submission thereof to this court for its decision, was not of the independent character contemplated by the statute, it is, on motion of Davies, Short & Townsend, attorneys for said Charles Hewlett and others, ordered that such submis-.sion be, and the same is hereby, dismissed, and the decision of this court, heretofore made on such submission, be, and the same is hereby, vacated and set aside, but without costs; and it is also ordered that the reporter of this court be, and he is hereby, directed to recall the opinion of this court, handed down upon its decision of such submission, and to cancel and expunge the same from the court records, with an appropriate entry thereon."