WILLIAM E. DEMAREST, Appellant, *v.* THE MAYOR, ALDER-
    MEN AND COMMONALTY OF THE CITY OF NEW YORK,
    Respondent.

1. CONSTITUTIONALITY OF STATUTE.   The constitutionality of an act of
the legislature should not be passed upon by the courts until a case arises
in which a decision of such a question is unavoidable for the determina-
tion of the case itself.

2. DE FACTO OFFICER — SALARY.   Payment of salary to a *de facto* offi-
cer, while he is holding the office and discharging its duties, is a defense
to an action brought by the *de jure* officer against the municipality to
recover the same salary.

3. NEW YORK CITY — ALDERMEN — SALARIES. The fact that others than the plaintiff and his assignors assumed to have been elected aldermen of the city of New York for the year 1877, received certificates of election, were inducted into and occupied the office, exercised its duties, and, as officers *de facto*, were paid salaries, *held*, to be a complete defense to an action against the city for salaries, brought on behalf of certain persons who claimed to have been elected aldermen for that year.

4. NEW YORK CITY — ALDERMEN — ELECTION UNDER ACT OF 1871 — CONSTITUTIONALITY OF ACT OF 1873. In such action the plaintiff and his assignors, who claimed to have been elected aldermen pursuant to chapter 137, Laws of 1870, as amended by chapter 574, Laws of 1871, urged that section 4 of chapter 335, Laws of 1873, under which other persons were elected, acted and were paid salaries, and which act repealed the acts of 1870 and 1871, was unconstitutional in that it provided for a system of minority representation by restraining the right of a voter to vote for all the aldermen to be elected; that consequently no legal office of alderman was created thereby, and there could be no incumbency under that act. *Held*, that, as the elective office of alderman already existed, and was not created by the act of 1873, the fact that such office was actually assumed by persons other than the plaintiff and his assignors rendered such incumbents *de facto* officers, even though the provisions of law regulating their compensation and mode of election might have been unconstitutional. (*Norton* v. *Shelby County*, 118 U. S. 441, distinguished.)

Reported below, 74 Hun, 517.

(Argued June 7, 1895; decided October 8, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered January 9, 1894, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. Miller, Seaman Miller* and *George C. Eldridge* for appellant. The restrictive clauses of section 4 of chapter 335 of the Laws of 1873, as amended by chapter 757 of the Laws of 1873 and chapter 515 of the Laws of 1874, are interdependent with the other clauses of said section, and cannot be eliminated without destroying the legislative intent to create a "minority system board of aldermen." (*Rector, etc.,* v. *U. S.*, 143 U. S. 457; *People* v. *Potter*, 47 N. Y. 379; *Van Bergen* v. *Ackler*, 21 How. Pr. 314; Laws of 1870,

chap. 137; *H. I. Co.* v. *Alger*, 54 N. Y. 175; *Meshmeier* v. *State*, 11 Ind. 482, 485, 486; *Allen* v. *Louisiana*, 103 U. S. 83, 84; *Washington* v. *State*, 13 Ark. 752, 763, 764; *Easton* v. *State*, 11 Ark. 481, 501, 502; *People* v. *Tiphaine*, 3 Park. Cr. Rep. 241, 246.) Section 4 of the act of 1873, with its amendments, is unconstitutional and void. (Const. N. Y. art. 2, § 1; art. 4, § 2; *State* v. *Constantine*, 42 Ohio St. 439.) Chapter 335 of the Laws of 1873 is in contravention of the Constitution for the reason that it embraces a subject not expressed in its title. (Const. N. Y. art. 3, § 16.) Assuming payments to have been made to persons elected under the acts of 1873 and their amendments, they were not made to either *de facto* or *de jure* officers of either *de facto* or *de jure* offices, and they are not a bar to recovery in this action. (*Norton* v. *Shelby County*, 118 U. S. 442; *Devoy* v. *Mayor, etc.*, 36 N. Y. 449; *Harbeck* v. *Mayor, etc.*, 10 Bosw. 366; *Demarest* v. *Fairchild*, 67 N. Y. 334; *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y. 536; *People ex rel.* v. *Hall*, 80 N. Y. 117; Laws of 1870, chap. 137, § 9.) The acts of 1870 and 1871 were not repealed by the acts of 1873 and their amendments. (Const. N. Y. art. 3, §§ 3, 5; *Devoy* v. *Mayor*, 36 N. Y. 449.)

*David J. Dean* for respondent. Upon the facts alleged in the complaint and admitted in the opening of the counsel for the plaintiff, no cause of action can be predicated against the defendant. (Laws of 1873, chap. 335, § 119; *Wilcox* v. *Smith*, 5 Wend. 234; *Parker* v. *Baker*, 8 Paige, 428; *People* v. *Collins*, 7 Johns. 549; *People* v. *Dean*, 3 Wend. 438; *People* v. *White*, 24 Wend. 540; *Morris* v. *People*, 3 Den. 381; *Dolan* v. *Mayor, etc.*, 68 N. Y. 280; *McVeany* v. *Mayor, etc.*, 80 N. Y. 185; *Terhune* v. *Mayor, etc.*, 88 N. Y. 251; *Devoy* v. *Mayor, etc.*, 36 N. Y. 449.) Even if the act providing for minority representation, by restricting the voter to voting for less than the whole number of aldermen to be elected in his district, be deemed unconstitutional, still the remainder of the statute, which provides for a board of

aldermen consisting of twenty-four members in place of the former board of fifteen, is constitutional and within the power of the legislature, and the repeal of the act of 1870 under which the plaintiff claims to have been elected is effectual. (*People ex rel.* v. *Kenny,* 96 N. Y. 294; Cooley on Const. Lim. 178; *People ex rel.* v. *Bull,* 46 N. Y. 57.) In any event the plaintiff and his assignors cannot be entitled to the salary which they claim because the act under which they claimed to have been elected has been expressly and uncondi- tionally repealed. (*Demarest* v. *Mayor, etc.,* 74 N. Y. 161; Const. N. Y. art. 2, § 1; 1 R. S. [6th ed.] 84; Sedgw. on Stat. & Const. Law [2d ed.], 198; Laws of 1892, chap. 138, §§ 6, 7; Laws of 1857, chap. 590; Laws of 1858, chap. 321; *People ex rel.* v. *Dayton,* 55 N. Y. 367; *Easton* v. *Pickers- gill,* 55 N. Y. 310; *G. E. R. R. Co.* v. *Kobbe,* 70 N. Y. 367; *Ogden* v. *Saunders,* 12 Wheat. 270; *People* v. *Albertson,* 55 N. Y. 54; *People* v. *Briggs,* 50 N. Y. 553; *People* v. *Bd. Suprs.,* 17 N. Y. 235; Cooley on Const. Lim. 182; *Ex parte M'Collum,* 1 Cow. 551.)

Gray, J. . The plaintiff brings this action for himself and as assignee of others to recover the salaries alleged to be due them as aldermen of the city of New York for the year 1877. The claim is that they were elected to such offices pursuant to the act of the legislature, contained in chapter 137 of the Laws of 1870, as amended by chapter 574 of the Laws of 1871; which provided for the election, upon a general ticket from the city at large, of a board of fifteen aldermen. The defense of the city is that those laws were repealed by chapter 335 of the Laws of 1873 and, further, that pursuant to the latter act, which contained a charter for the city, other per- sons were duly elected as aldermen, at the election at which the plaintiff and his associates claimed to have been elected; who entered upon and executed the duties pertaining to the office of an alderman of the city, and were paid the salaries claimed by the plaintiff.

When the action came on for trial no evidence was given.

The whole case was agreed to be contained in the pleadings; it being expressly admitted by the plaintiff that the salaries claimed by the plaintiff in his complaint had been paid by the city to other persons, assuming to have been elected and who acted as a board of aldermen under the charter of 1873. The complaint was thereupon dismissed by the court, upon the motion of the defendant.

Section 4 of chapter 335 of the Laws of 1873 provided for a system of minority representation in the board of aldermen of the city of New York, by restraining the right of a voter to vote for all the aldermen to be elected. It is unimportant to more particularly refer to the provisions of the section, as the system was, not long thereafter, abolished. (Chap. 403, Laws of 1882.) The plaintiff's propositions are that those provisions were unconstitutional and void, for being in violation of that part of the Constitution of the state, which guarantees to every qualified voter the right to vote for all officers that may be elected by the people (Art. 2, sec. 1), and that the acts of 1870 and 1871 remained in force; under whose provisions he and his associates were elected and became the legally constituted board of aldermen and, as such, were entitled to their salaries. The determination of the question of constitutionality, however, is not necessary to the determination of the case, and as the ground upon which the decision of the General Term of the Supreme Court has been placed is clearly presented in the case and is perfectly tenable, our judgment may and should rest upon it. We should not pass upon the constitutionality of a statute, if the question is immaterial to the case. (*Frees* v. *Ford*, 6 N. Y. 176.) It is a salutary principle and founded upon the respect due to the legislative department of the government, that the constitutionality of its exercise of power should not be passed upon by the court, until a case arises in which a decision of such a question is unavoidable for the determination of the case itself.

This action is to recover the salaries of the plaintiff and his associates as aldermen of the city for the year mentioned and,

if we should assume all they claim as to the unconstitutionality of the provisions of the fourth section of the charter of 1873 and the validity of their election and that they were *de jure* aldermanic officers, there is the answer that others assumed to have been elected, received their certificates of election, were inducted into and occupied the office, exercised its duties and, as officers *de facto,* were paid salaries. That is a complete answer and one which has the sanction of the authorities. Their title cannot be questioned collaterally in such an action and, even were the action of such a nature as to permit the question, the payment already made to the *de facto* officers of the salary belonging to the office would be a good defense to the claim of the plaintiff. The case of *Dolan* v. *The Mayor* (68 N. Y. 274), where this principle was asserted, was rested upon the ground of public policy, which requires that fiscal officers, charged with the payment of salaries, should be deemed justified in paying them to persons clothed with the apparent title to an office, without inquiring whether others have the better right. The remedy, it was said, of the person wrongfully deprived of the office is to recover his damages for the wrong against the usurper. In *McVeany* v. *The Mayor*, (80 N. Y. 185), and in *Terhune* v. *The Mayor*, (88 id. 247), the doctrine was upheld that payment to a *de facto* officer, while he is holding the office and discharging its duties, is a defense to an action brought by the *de jure* officer to recover the same salary. It is unnecessary for us to reason, now, upon a doctrine which has so often been discussed in the cases. Offices are created for the benefit of the public and the title of their incumbents is not to be inquired into except in some way prescribed by law. Their acts will not be invalidated, nor official dealings with them be affected, by reason of some illegality in their election not judicially declared.

The appellant, however, undertakes to meet this phase of the matter by the suggestion that if section four of the act of 1873 was unconstitutional and void, no legal office of alderman was created by its provisions and, therefore, there could

not be either a *de jure* or a *de facto* incumbent thereof. But that office as a part of the local government existed by law and was not created by the act of 1873. In the case of *Norton* v. *Shelby County* (118 U. S. 441), relied upon by the appellant, it was held that as the act attempting to create the office never became a law, the office never came into existence. A board of commissioners was provided for to take the place of the County Court of Shelby county and commissioners were appointed to take the place of justices of the peace and because the Constitution did not permit this to be done, it was adjudged that the act was void; and it followed that the office never legally existed. That was not this case. Here the office of alderman always existed and the legislative intent, as evidenced in the act of 1873, was to introduce the experiment of minority representation in the municipal government. The provision of that act, in question, did not, as in the *Shelby County* case, attempt to create an office, where none before existed. Unless the office did exist by law, how could the plaintiff and his associates base their present claim to have been elected to it? This very demand and suit are an ample concession that aldermanic offices existed to be filled. The plaintiff's position is that the law of 1873 was void and that, although so expressed in terms, it was ineffectual to even accomplish the repeal of the previous acts of 1870 and 1871, under which they claimed to have been elected. But, if by existing provisions of law there were the offices of aldermen to be filled by election, then the fact is that they were assumed by other persons, claiming to have been elected, and though the provisions of the law regulating the composition of the board and the mode of election thereto and under which they entered into office, might be unconstitutional, that would not affect the existence of the office. They would, though usurpers, be *de facto* officers, exercising the particular governmental duties incident to the office usurped.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.