(14 Misc. Rep. 350.)

### JUDSON v. FLUSHING JOCKEY CLUB.

(Common Pleas of New York City and County, General Term.    November 12, 1895.)

1. COURTS—JURISDICTION—FICTITIOUS ACTION.
    Where it appears at any stage of an action that it is not a genuine litigation, the court will refuse to hear it.

2. SAME—POSTPONING DECISION.
    Where it is objected on the call of a case for trial that the action is fictitious, the court may postpone its decision until the character of the litigation has been investigated.

3. SAME—WHO MAY RAISE OBJECTION.
    The objection that a pending action is fictitious may be raised by counsel on behalf of interests not apparent on the record, but involved in the decision.

4. SAME—REFERENCE TO DETERMINE CHARACTER OF ACTION.
    Where an objection has been raised that a pending action is fictitious, the court may order a reference to determine the question.

Action by Henry C. Judson against the Flushing Jockey Club to recover a sweepstake won on a horse race.    A judgment was rendered by the trial court in favor of defendant, on the ground that

Laws 1895, c. 570 (Percy-Gray Racing Act), under which the action was brought, was unconstitutional.   On appeal to the general term, the two judges before whom the case was argued differed in their views, and each wrote an opinion.   A reargument was then ordered, because of the failure of concurrence.   Afterwards it was suggested that the litigation was fictitious.   Reference ordered as to character of litigation.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

J. M. Marx, for appellant.

Benj. Steinhardt, for respondent.

Joseph T. Auerbach, Charles J. Patterson, and Delancey Nicoll, intervening for the state racing commission, the Jockey Club, the Coney Island Jockey Club, and the Westchester Racing Association.

PER CURIAM.   When, on the call of the calendar, counsel for the ostensible parties to the cause answered "Ready," gentlemen of the bar, on behalf of interests not apparent upon the record, but involved in the decision, interposed an objection to the argument of the appeal, upon the allegation that the action is a fictitious litigation, contrived and presented to procure an adjudication of a question not actually in controversy between real contestants, but framed and propounded by a person who, in fact, is at once plaintiff and defendant, and the issue which, according to the statement, is so sought to be determined, is of the utmost gravity, namely, whether a statute of the state passed with all the solemnities of regular legislative procedure be a constitutional enactment.   Demarest v. Mayor, etc., 147 N. Y. 203, 41 N. E. 405.

Courts of judicature are organized only to decide real controversies between actual litigants.   When, therefore, it appears, no matter how nor at what stage, that a pretended action is not a genuine litigation over a contested right between opposing parties, but is merely the proffer of a simulated issue by a person dominating both sides of the record, the court, from a sense of its own dignity, as well as from regard to the public interests, will decline a determination of the fabricated case so fraudulently imposed upon it. Lord v. Veazie, 8 How. 255; Cleveland v. Chamberlain, 1 Black, 426; Wood-Paper Co. v. Heft, 8 Wall. 333; Bartemeyer v. Iowa, 18 Wall. 134, 135;  San Mateo Co. v. Southern Pac. R. Co., 116 U. S. 138, 6 Sup. Ct. 317;  Washington Market Co. v. District of Columbia, 137 U. S. 62, 11 Sup. Ct. 4;  South Spring Hill Gold Min. Co. v. Amador Medean Gold Min. Co., 145 U. S. 300, 12 Sup. Ct. 921;  Manufacturing Co. v. Wright, 141 U. S. 696, 700, 12 Sup. Ct. 103;  California v. San Pablo & T. R. Co., 149 U. S. 308, 314, 13 Sup. Ct. 876;  Hoskins v. Lord Berkeley, 4 Term R. 402;  In re Elsam, 3 Barn. & C. 597; Wood v. Nesbitt (Sup.) 19 N. Y. Supp. 423.

If we may not accept the assurance of reputable members of the bar as proof that the action is a false and fictitious litigation, their statement suffices, at all events, for a postponement of the decision until the court shall be satisfied that it has to do with a legitimate forensic discussion.   According to the precedents, we may so as-

certain either by the record, by affidavits, or by a reference. The last-named expedient we adopt as the more effective method of investigation.