(14 Misc. Rep. 562.)

### JUDSON v. FLUSHING JOCKEY CLUB.

### DUDLEY v. SAME.

(Common Pleas of New York City and County, General Term. December 4, 1895.)

COURTS—FICTITIOUS ACTION—RECALLING DECISION.

　　Where it appears, after the decision of a case on appeal, that the action was fictitious, the court will withdraw and cancel its opinion.

Action by Henry C. Judson against the Flushing Jockey Club, and by John C. Dudley against the same defendant. Appeals dismissed.

Argued before DALY, C. J., and BOOKSTAVER, BISCHOFF, PRYOR, and GIEGERICH, JJ.

J. M. Marx, for appellant.

Benj. Steinhardt, for respondent.

Joseph T. Auerbach, Charles J. Patterson, and Delancey Nicoll, intervening for the state racing commission, the Jockey Club, the Coney Island Jockey Club, and the Westchester Racing Association.

DALY, C. J. The report of the referee shows that the controversy before the court was fictitious; that the transaction out of which it was supposed to grow—a horse race for stakes—was a pretended contest, arranged so as to form the basis of suits at law in which, without real adversaries before the court, an adjudication might be procured to use for other purposes than the enforcement of the right involved in the pretended suits.

Upon the intervention of third parties having interests that might be affected by a decision in those proceedings, we ordered a reference to ascertain the facts (36 N. Y. Supp. 126); and, the report of the referee bearing out the contention of such parties, it only remains for us to dismiss the proceedings in this court growing out of the pretended and collusive transactions referred to. In addition to the cases already cited by us on the question of the right of third parties to intervene, we refer to the case of Haley v. Bank, in the supreme court of Nevada on March 10, 1891, reported in 12 Lawy. Rep. Ann. 815, with note (26 Pac. 64), in which it was held that an attorney, as amicus curiæ, may move to dismiss an action as collusive, and it is his duty to do so if he knows, or has reason to believe, that the action is fictitious.

We shall therefore enter an order dismissing the appeal from the district court in the case of Judson v. Flushing Jockey Club, and the appeal and the action in this court in Dudley v. Same Defendant, and direct that the opinions of this court in those cases be withdrawn from the files, and that the costs of the reference be paid by the parties to those appeals. All concur.