## Rodger Ballast Car Co. v. Lewis B. Perrin.

1. CORPORATIONS—*Right of Stockholders to Examine Books.*—It is the duty of the directors or trustees of every stock corporation to cause to be kept at its principal office or place of business in this State, correct books of account of all its business, and every stockholder in such corporation has the right at all reasonable times, by himself or by attorney, to examine the records and books of account of the corporation.

2. EQUITY JURISDICTION—*Where There is a Remedy at Law—Exceptions.*—As a general rule, a court of equity will not entertain jurisdic-

tion where there is a complete remedy in a common law court. To this rule there are two exceptions: first, to prevent irreparable injury, and second, to prevent a multiplicity of suits.

3. MANDAMUS—*To Enforce Right to Examine Corporation Books— What Must be Shown.*—To enforce his right to examine the books and records of the corporation by mandamus a stockholder must show some specific interest at stake which renders such examination necessary or beneficial to him.

**Bill for Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed April 17, 1900.

FRANK P. BLAIR, attorney for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was commenced by bill in chancery filed in the court below by appellant against appellee. Appellant is an Illinois corporation, and appellee is a stockholder therein. The prayer of the bill is that appellee may be enjoined from beginning any suit to compel appellant to disclose its business or submit its books and accounts to appellee's examination, or if an examination is permitted appellee, that he be enjoined from communicating the information derived therefrom to any other person.

The substance of the bill is that appellee has a violent antipathy to the president and secretary of appellant; that he has been endeavoring to examine into the details of the management of its business; that he desires such information for the purpose of giving the same to others, and thus wreaking personal vengeance upon said president and secretary by injuring appellant; that appellant will be greatly injured if such information be given to its customers and competitors in business, and that he is preparing to bring mandamus proceedings against appellant. A temporary injunction was issued upon said bill being filed; a demurrer to said bill was overruled; answer was filed; testimony

taken; injunction dissolved and bill dismissed for want of equity. This appeal is prosecuted for the purpose of having the decree dismissing said bill reversed.

Sec. 13, Ch. 32, Hurd's Stat. of 1898, is as follows:

" It shall be the duty of the directors or trustees of every stock corporation to cause to be kept at its principal office or place of business in this State, correct books of account of all its business, and every stockholder in such corporation shall have the right at all reasonable times, by himself or by his attorney, to examine the records and books of account of the corporation."

If any doubt existed prior to the enactment of said statute, it is now clearly settled that every stockholder has a right to examine the records and books of account of the corporation at all reasonable times. The proper mode of enforcing such right is by mandamus, which is a common law proceeding. If there be any valid legal reason why a stockholder should not be permitted to make such an examination, it may ordinarily be availed of in the defense in mandamus proceeding. As a general rule, a court of equity will not entertain jurisdiction where there is a complete remedy in a common law court. To this rule there are two exceptions: first, to prevent irreparable injury, and second, to prevent a multiplicity of suits. City of Chicago v. Wilkie et al., 88 Ill. App. 315.

The bill of complaint in this case does not bring the case within either of said exceptions. The only facts stated from which it might be claimed that irreparable injury would result from an examination by appellee of the records and accounts of appellant, and making the result thereof public, are that the profits upon the manufacture and sale of railroad cars by appellant are such that if made known to competitors in business and railroad companies purchasing such cars, the business of appellant would be thereby injured. That is not sufficient to justify chancery jurisdiction.

The charge in the bill is that appellee is " preparing to bring mandamus proceedings against" appellant. That is not sufficient to warrant a court of chancery in taking juris-

diction. Appellee might prepare to commence mandamus proceedings and never commence them. That appellee did commence such proceedings appears from another case in this court, the opinion in which is handed down herewith. (See *post*, 328.) But that does not help the allegations of the bill.

We concur fully in the views expressed by the learned chancellor who heard this case in the court below, when he says:

" In a late case, Stone v. Kellogg, 165 Ill. 192, the Supreme Court of Illinois has construed this statute in a very clear and unmistakable manner.

" That was an application for a mandamus to compel a corporation to permit a stockholder to examine the books, etc., of a corporation. It was alleged and sufficiently appears in that case that the stockholder desired the examination for the advancement of his private interests and in hostility to the rights and interests of the corporation. The same plea was made in that case as in this, that to disclose certain matters contained in the books might operate to the great damage of the corporation. It was alleged that the stockholder did not make the application for the examination of the books in good faith or for the purpose of ascertaining any facts which he was legitimately entitled to know, but that his purpose was and always had been to discover some ground of attack upon the company and its manager, contrary to the interests of the company and to the private damage of the stockholders.

"It is not necessary to state further the facts in that case.

" Our Supreme Court in this decision held that at common law a stockholder, to enforce his right to examine the books and record of the corporation by mandamus, was required to show some specific interests at stake which rendered the examination necessary or beneficial; that our Illinois statute concerning a stockholder's right to inspect the records and books of account of a corporation was enacted in view of the common law restrictions on such right, its purpose being to protect the minority stockholders against the majority stockholders and against mismanagement by faithless officers; that the custodian of the books and papers can not question or inquire into the stockholder's motives and purposes, and if he refuses an inspection on the ground of alleged improper

purposes, he assumes the burden of proving them such upon petition by the stockholder for mandamus; and quotes with approval the case of Foster v. White, 86 Ala. 467, referred to by Spellman, ' that a similar provision of the statutes of Alabama (as to the right of the stockholder to examine the books of the corporation) was held not merely declaratory of the common law, but that " the statute was enacted in view of the restrictions and limitations placed by the common law upon the exercise of the right, and the purpose is to protect small and minority stockholders against the power of the majority, and against the mismanagement and faithlessness of agents and officers, by furnishing mode and opportunity to ascertain, establish and maintain their rights and to intelligently perform their corporate duties." * * * The only express limitation is, that the right shall be exercised at reasonable and proper times. The implied limitation is, that it shall not be exercised from idle curiosity or for improper or unlawful purposes. In all other respects the statutory right is absolute. The shareholder is not required to show any reason or occasion rendering an examination opportune and proper, or a definite or legitimate purpose. The custodian of the books and papers can not question or inquire into his motives or purposes. If he has reason to believe that they are improper or illegitimate, and refuses the inspection on this ground, he assumes the burden to prove them such. If it be said this construction of the statute places it in the power of a single shareholder to greatly injure and impede the business, the answer is, the legislature regarded his interest in the successful promotion of the objects of the corporation a sufficient protection against unnecessary or injurious interference. The statute is founded on the principle that the shareholders have a right to be fully informed as to the condition of the corporation, the manner in which its affairs are conducted, and how the capital to which they have contributed is employed and managed,' and cites 40 N. J. Eq. 392, and 6th Atl. Rep. (Del.) 856,

" Our Supreme Court proceeds : ' This interpretation of the statute of Alabama made by the Supreme Court of that State is, we think, a correct one, and is as liberal to the officers and agents of the corporation having the custody of its books, or to the majority of the stockholders or directors under whose orders they may act, as would be permissible to give to our own statute, * * * It can not be tolerated that a stockholder can be denied the exercise of so valuable a right given to him in express terms by the stat-

ute, by those who are the mere agents of the stockholders upon the plea, as in effect set up in the answer in this case, that the petitioner had not been denied any information to be derived from an examination of the books and papers which he was legitimately entitled to know. As a director and stockholder he was legitimately entitled to know anything and everything of which the records, books and papers of the company would inform him, so far as anything in the answer shows to the contrary. * * * It is no sufficient answer to such a petition to impugn the motives of the petitioner.'

" Under this decision the statute can not be held merely declaratory of the common law, but it was to enlarge and to make more definite the right of the stockholder by removing the restrictions and limitations placed by the common law upon the exercise of the right.

" It clearly appears in the Illinois case cited that the information that would be disclosed by the inspection of the books and papers demanded by the stockholders might be used adversely to the interests of the corporation and in the interest of a competing corporation in which the stockholder was in some manner interested, yet our Supreme Court say that the refusal of the right of inspection of corporation books, etc., is not met by impugning the motives of the stockholder, and sustain the lower court in granting the writ of mandamus."

The decree of the Circuit Court dismissing said bill of complaint for want of equity is affirmed.