### JONES v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. ·January 13, 1903.)

1. PUBLIC EMPLOYE—CIVIL SERVICE RULES—ILLEGAL DISCHARGE—SALARY.
   . A clerk in the police department appointed under civil service rules,
   was illegally dismissed, and another employed in his place and paid the
   salary. He immediately instituted certiorari, in which judgment was en-
   tered declaring the discharge void, which was affirmed by the court of
   appeals, whereupon he was reinstated. *Held*, that he could recover the
   salary accruing after the city had notice of such judgment, but not for
   the time intervening between his discharge and such notice.

Appeal from trial term, Erie county.

Action by George T. Jones against the city of Buffalo. From a
judgment dismissing the complaint on the merits, plaintiff appeals.
Reversed.

The action was commenced on the 17th day of June, 1901, to recover the
salary or compensation of $100 per month as clerk of the bureau of identifi-
cation and information in the police department of the city of Buffalo, N. Y.,
from the 7th day of June, 1899, to·the 1st day of February, 1901, amounting
in the aggregate to the sum of $1,943.26, together with interest thereon from
the 25th day of February, 1901, the time when the plaintiff presented his
claim to the city for audit, and when payment was refused.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS,
HISCOCK, and NASH, JJ.

Frank Gibbons, for appellant.
·Edward L. Jung, for respondent.

McLENNAN, J. The facts, so far as material to the questions
involved upon this appeal, are not in dispute. On the 22d day of
July, 1896, the plaintiff was duly appointed to the position of clerk
of the bureau of identification and information in the police depart-
ment of the city of Buffalo. On the 30th day of July, 1896, he took
the oath of office prescribed by law, and entered upon the discharge
of his duties. His appointment was made pursuant to, and he
held his position under, the provisions of the civil service law, so
called, of the state, and therefore could not be removed therefrom,
except upon notice, for good and sufficient cause, and upon charges
properly made and proven. The salary of the position, or the com-
pensation for discharging the duties of clerk of said bureau, was
$100 per month. From the date of his appointment until the 7th
day of June, 1899, the plaintiff continued to occupy and discharge
the duties of said position, and received from the defendant monthly
the salary or compensation therefor. Upon that day he was ille-
gally removed by the board of ·police commissioners of the defend-
ant, and was prevented from discharging any of the duties pertain-
ing to the position, although he offered to perform the same, and
was at all times ready and willing to do so, and so informed the
board. Immediately upon his removal the plaintiff instituted cer-
tiorari proceedings against the board of police commissioners of the
city of Buffalo, with the result that its action in discharging the

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. §§ 361, 605.

plaintiff was declared to be illegal and void, and was vacated and set aside by this court by an order duly entered on the 24th day of July, 1900. People v. Diehl, 53 App. Div. 645, 65 N. Y. Supp. 801. From that determination an appeal was taken to the court of appeals, and the decision of the appellate division was in all things affirmed. 165 N. Y. 643, 59 N. E. 1128. On January 30, 1901, the order of the court of appeals was made the order of the Erie county special term, and on that day was served upon the attorney for the board of police commissioners, who was also corporation counsel of the defendant. Thereupon said board reinstated the plaintiff, and ever since that time he has occupied such position, discharged the duties of the same, and received the salary or compensation therefor, namely, $100 per month. When the board of police commissioners removed the plaintiff, it immediately appointed one Whitwell in his place, and he continued to occupy the position and perform the duties thereof until the plaintiff was reinstated, and during such entire time Whitwell was paid by the defendant the full salary or compensation. No formal notice of plaintiff's removal, or of any of the steps taken in the certiorari proceeding, was given to or served upon the comptroller of the defendant, or any other officer or department of the city except the board of police commissioners and the corporation counsel; but the comptroller and mayor of the city had knowledge of such facts, and of the decision made by the appellate division. The defendant, however, contends that, although the plaintiff was illegally removed, and was adjudged to have been by a court of competent jurisdiction, to the knowledge of the defendant, another person having been appointed in his place, who performed the duties of the office, and having been paid the full salary or compensation therefor by the defendant, the plaintiff has no right of recovery against it, not even for the salary which became due after such adjudication.

It may be said at the outset, if defendant's contention is correct, that the civil service law may be rendered nugatory, at the pleasure of an officer or department of a municipal government, and even the courts are powerless to compel its observance. To illustrate: An officer or employé of a municipality, appointed under the civil service law of the state, who is removed from office or employment, may immediately institute proceedings, which result in an adjudication by a court of competent jurisdiction that such removal was illegal, and that he is entitled to be reinstated, and, of course, to receive the salary of the office. An appeal is taken to the court of appeals, which delays the final determination of the question for a year or two years, and until the term of office or employment has, perhaps, expired, when the decision of the lower court is affirmed. Then the person so illegally removed seeks to recover from the municipality his salary, that being prima facie the damages sustained. If defendant's contention is correct, a perfect defense is established by showing that when he was so illegally removed another person was appointed in his place, and was paid the full salary or compensation of the position; that, notwithstanding the decision of the court, the defendant was justified in con-

tinuing to employ and pay the de facto officer, and for the time it did so the de jure officer cannot recover compensation. While the authorities upon the question are apparently somewhat contradictory, we think they do not support the respondent's contention. The rule which we adduce from the authorities is that, where an officer or employé of a municipality, appointed and holding his position under the civil service law, is illegally removed by the municipality, or by an officer or agency of such municipality, if such illegally removed officer or employé institutes proceedings and establishes the illegality of his removal in a court of competent jurisdiction, from that time at least, provided notice of such adjudication is brought to it, the municipality is liable to the officer or employé for the amount of the salary or compensation of the officer or employment, notwithstanding such salary or compensation may have been paid to another. In Demarest v. City of New York, 147 N. Y. 203, 41 N. E. 405, it was said:

"Payment of salary to a de facto officer while he is holding the office and discharging its duties is a defense to an action brought by the de jure officer against the municipality to recover the same salary."

In that case, however, it had not been judicially determined that the plaintiff was the de jure officer prior to the period for which he sought to recover the salary of the office, and that, we think, is the controlling distinction between that case and the one at bar. In that case the court said, in speaking of de facto officers (page 208, 147 N. Y., and page 406, 41 N. E.):

"Their acts will not be invalidated, nor official dealings with them be affected, by reason of some illegality in their election not judicially declared."

There is much reason in the proposition that a fiscal officer of a municipality ought not to pay, at the peril of the municipality, a person who is discharging the duties of an office, and is the de facto officer. When, however, it is established by a court of competent jurisdiction that such person has no right to the office, if the municipality, in the face of such judgment, continues to pay the intruder, it should do so at its peril. Higgins v. City of New York, 131 N. Y. 128, 30 N. E. 44, is a case where an employé of the city of New York was improperly discharged. He instituted proceedings in the courts, which resulted in his reinstatement. He then brought an action to recover his salary from the time of his unlawful discharge until the time he was reinstated. It appeared that during that time another had been appointed to and performed the duties of the office, and had been paid by the city. It was held that the plaintiff could not recover, and such must be regarded as the law; but in the opinion in that case it is nowhere intimated that the municipality would have been relieved from liability if it had continued to pay a person who had been judicially determined to be an intruder in the office after it had knowledge of such determination. In Dolan v. City of New York, 68 N. Y. 274, 23 Am. Rep. 168, it was held:

"Disbursing officers charged with the duty of paying official salaries, have, in the discharge of that duty, a right to rely upon the apparent title of an officer de facto, and to treat him as an officer de jure, without inquiring whether another has the better right."

But it was also held in that case that the de jure officer was entitled to recover whatever salary remained unpaid to the de facto officer after his status was judicially determined, although the services were rendered by the latter. Terhune v. City of New York, 88 N. Y. 248, was an action brought by a person who was improperly discharged from an office, and was reinstated by judgment of the supreme court, to recover the salary from the time of his discharge to the time of the rendition of such judgment. It was held that no recovery could be had. Many other cases to the same effect might be cited, but none of them, we think, support the respondent's contention. They do establish the proposition that for the period from the time of plaintiff's removal until such removal was adjudged to be illegal, and judgment was entered accordingly, and notice thereof given to the defendant, the plaintiff cannot recover; but they do not hold that he may not recover from the time when defendant was informed of such adjudication until he was finally reinstated. The case of McVeany v. City of New York, 80 N. Y. 185, 36 Am. Rep. 600, is exactly in point, and sustains the plaintiff's right to recover the salary for that period. In that case Judge Folger, in an exhaustive opinion, reviews all the case which up to that time had been decided by the courts of this state bearing upon the subject, and the rule laid down as applicable to the question now being considered is stated in the headnote as follows:

"So, also, where, after an adjudication against the one in the office, and after notice thereof to the disbursing officer of the municipality, the intruder still continues to perform the duties of the office, the rendition of the services is in behalf of the one entitled to the office. The compensation accruing therefor belongs to him, and he may maintain an action against the municipality to recover the same, although the disbursing officer has paid it to the intruder."

So far as we have been able to discover the rule thus stated has never been criticised, or the decision in any manner overruled, by any subsequent decision of the court of appeals. It therefore must be regarded as the law applicable to this case. It certainly is a reasonable rule. If followed, no serious hardship can come to any party. An officer who is illegally removed may at once bring proceedings, and test the alleged illegality of his removal. Under the practice a decision may be speedily had. If it is determined that the officer was illegally removed, and that he should be reinstated, and notice of such determination is given to the municipality, it ought to obey, and not defy the decision of the court; and, if it appeals to the court of last resort without obtaining a stay, and is unsuccessful, simply keeping the intruder in office and continuing to pay him regularly pending the decision of the appeal ought not to prevent the person rightfully entitled to receive the salary during that time from recovering it. Under the cases cited it is clear that no recovery can be had for the period between the time of the illegal removal and the time when such removal was adjudicated to be illegal and such adjudication was brought to the knowledge of the municipality; but after such adjudication payment to the de facto officer does not relieve the municipality from liability. It runs the risk of being obliged to again pay the salary to the de jure officer in case the adjudication is finally affirmed by the court of last resort. Such rule enables the court to enforce observance, in some

measure at least, of the provisions of the civil service law. The con-
clusion is reached that upon the facts presented by this record the
plaintiff is entitled to recover at the rate of $100 per month for the
time after the decision of this court, and knowledge of it had been
brought to the defendant, and the time when the plaintiff was reinstated
in office. The judgment appealed from having dismissed the com-
plaint, it follows that it should be reversed, and a new trial granted,
with costs to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the ap-
pellant to abide event.

Judgment reversed, and new trial granted, with costs to appellant to abide
event, upon questions of law only, the facts having been examined, and no
error found therein. All concur.