ALBERT J. H. HOLSCHUMAKER, CHARLES HOLSCHUMAKER, ELIZABETH M. SCHAFFER AND HENRY HOLSCHUMAKER,

*vs.*

WILLIAM J. ETCHELLS, MARY A. McCANN, HARRY I. GILLIS, Ex-sheriff of New Castle County, and HENRY STAFFORD, Sheriff of New Castle County.

*New Castle, Dec.* 10, 1909.

An execution creditor who had obtained a judgment against an administrator will not be enjoined from selling real estate of a decedent because of a defense to the judgment available in the action at law, even though the devisees or heirs at law be complainants in the bill asking for the injunction.

An execution creditor will not be enjoined from selling the real estate of a decedent, on a judgment recovered against his administrator, on the ground that after the issuing of execution the administrator applied to the Orphans' Court for leave to sell land of the decedent to pay debts of the decedent, which his personal estate was insufficient to pay, or on the ground that the administrator showed in his first account a balance in hand due the estate.

A motion to dismiss a bill for want of equity should be made before answer filed; otherwise, the defendant will be required to pay costs.

Want of equity in the bill should be raised by demurrer and not by motion to dismiss the bill.

After an answer is filed a motion to dismiss the bill for want of equity should not be entertained, except upon terms.

MOTION TO DISMISS BILL FOR WANT OF EQUITY. The bill in this cause was filed by Albert J. H. Holschumaker and others, heirs at law and devisees under the will of William Holschumaker, to restrain the collection of a judgment

obtained by the New Castle Water Works Company against Henry Holschumaker, Administrator *d. b. n. c. t. a.* of William Holschumaker, deceased, in an amicable action in the Superior Court for New Castle County. The original bill was filed September 5th, 1906, and upon hearing of a rule on September 10th, 1906, a preliminary injunction was issued. On October 19th, 1906, an answer was filed, and on the same day a motion to dissolve the preliminary injunction was filed, but does not seem to have been argued. On July 8th, 1907, a demurrer was filed, but not disposed of. On September 9th, 1907, an amended bill was filed, and on September 24th, 1907, an answer to the amended bill was filed by William J. Etchells and Mary A. McCann, and on the same day a motion to dissolve the preliminary injunction was filed. This latter motion does not seem to have been argued. On June 10th, 1908, an amendment was filed to the amended bill, simply praying for a subpœna for new parties made by the amended bill filed September 9th, 1907. To this amendment to the amended bill no answer was filed, if any was necessary. On October 6th, 1909, notice was filed of a motion to dismiss the bill for want of equity and a further motion on the same grounds that the preliminary injunction issued in the cause be dissolved. This motion was made orally on October 25th, 1909, and argued before the Chancellor by the solicitors and held under advisement.

The amended bill alleges that William Holschumaker died in 1888 and on April 9th, 1891, his son, Henry Holschumaker, was appointed administrator *d. b. n. c. t. a.*; that at the February term, 1899, judgment was recovered in the Superior Court for New Castle County against the administrator by an amicable action for $231.67, and on April 12th, 1906, the judgment was assigned to two of the defendants, William J. Etchells and Mary A. McCann; that the judgment was for rents for water alleged to have been furnished after the death of William Holschumaker to houses belonging to the complainants as devisees of William Holschumaker; that a writ of *fieri facias* was issued on the judgment and returned *nulla bona*, and a writ of *venditioni exponas* was issued returnable to the September term, 1906, and pursuant to the writ the Sheriff had offered the real estate late of

William Holschumaker, deceased, for sale.   The bill then alleges that the enforcement of the judgment against lands of the complainants was fraudulent; that the first account of Annie Holschumaker, administrator *d. b. n. c. t. a.*, showed a balance due the estate by the administrator to be $3,976.03; that it was inequitable to subject the real estate for sale until the personal estate of the decedent in the hands of the administrator had been exhausted; and, further, that the administrator, on December 29th, 1906, after the issuance of the *venditioni exponas* applied to the Orphans' Court for leave to sell the land of the decedent to pay debts of the decedent, and that this petition was still pending.   Upon filing the bill a restraining order was issued.   The complainants are devisees under the will of William Holschumaker.

*Martin E. Smith*, for the complainants.
*William H. Cooper, Jr.*, for the defendants.

THE CHANCELLOR: The motion to dismiss the bill will first be considered.   A motion to dismiss for want of equity is in the nature of a demurrer to the bill, all the allegations of it being assumed to be true for the purpose of the motion.   It is an undesirable practice to substitute for a demurrer to a bill a motion to dismiss it for want of equity, and, generally speaking, it will not be allowed.   An orderly course of pleading to a defective bill is to demur to it, for in this way the defects of the bill are brought forward at the earliest step in the litigation, as they should be, and under the safeguard of a certificate of counsel and the affidavit of the defendants.   After an answer is filed a motion to dismiss the bill for want of equity should not be entertained, except upon terms.   But, however undesirable the practice, such motions have been entertained here after answer, and the motion has been considered in the case at bar.

The amended bill is demurrable for want of equity.   The prayer of the bill is that the judgment may be decreed to be null and void, in so far as it affects the title of the heirs and devisees to the real estate, and for an injunction to restrain the sale of the real estate under the judgment.   It does not allege that

the judgment was recovered by fraud, collusion, or any other misconduct on the part of the administrator. It is alleged simply that the enforcement of the judgment against the lands of the complainants was fraudulent, but in what respect and for what reason does not appear. The procedure to enforce the judgment seems to have been entirely regular. It is claimed, however, by the solicitor for the complainants that it is, of itself, a fraudulent act to enforce by sale of land a judgment against an administrator recovered by an amicable action; but, of course, that is not a tenable position. It is claimed that it was fraudulent to enforce a judgment obtained on a claim arising after the death of the testator, it being alleged in the bill that the judgment was for water rents furnished after the death of the testator for use on the premises owned by the testator in his lifetime, and that the judgment should have been *de bonis propriis* and not *de bonis testatoris*. It is quite apparent, however, that this defense is one which is clearly cognizable at law, and, therefore, is not a ground for equitable relief.

In *Kersey v. Rash*, 3 *Del. Ch*. 321, it was held that "to warrant the interference of a court of equity with the operation of a judgment at law, upon grounds of defense or evidence which were cognizable at law, but not used at the trial, it must appear that the defendant at law was prevented from availing himself of such grounds of defense or evidence, either by fraud or surprise, or by what is termed, in the sense of courts of equity, accident, and without any neglect or default on the part of himself or his agents." Following the authority of this case, which well states the settled rule, the defendant in the judgment failed to avail himself of what is alleged to be a legal defense, and neither he nor any one else can use that legal defense as a basis for equitable relief to restrain the collection of the judgment recovered in a suit wherein the defense might have been made. It seems quite clear that the devisees under the will of William Holschumaker, the complainants in the bill, have no right to equitable relief based upon the failure of the administrator *c. t. a.* of William Holschumaker to avail himself of a legal defense open to him.

There is another objection to the bill, namely, that there is no allegation that the present holders of the judgment had notice or knowledge of the matters alleged as invalidating their judgment. For aught that appears, the defendants, Etchells and McCann, to whose use the judgment was marked and who are now the real plaintiffs, were assignees for value and without notice of any fraud practiced in obtaining the judgment. The judgment was not void, but at most voidable, and the present holders of it would not be affected by the existence of fraud, of which they had neither knowledge nor notice, or something equivalent thereto. But as this is a matter in which there could be an amendment, the present decision is not based on this fact.

It is further urged that this Court should restrain the collection of the judgment because the administrator of William Holschumaker showed by his first account a balance in his hands due the estate of three thousand, nine hundred and seventy-six dollars and three cents ($3,976.03); but no authority is presented to show that in Delaware an execution creditor can be restrained from selling land levied on after a return of *nulla bona* to a *fieri facias* execution, because the administrator alleges in his account that he has a balance in hand due the estate more than the amount of the judgment. Such is not the law. Of course, the personal estate of a decedent is the primary fund for the payment of the debts of the decedent in absence of some testamentary provision otherwise; but this does not limit the right of a creditor to proceed against the real estate upon a return of *nulla bona* to his execution *fieri facias*, and the simple allegation of the personal representative of the decedent in his account that he has assets does not limit the right of the creditor to so proceed, even if the amount alleged in the hands of the representative be greater than the debt, for the other indebtedness of the deceased may absorb all the personal estate to the exclusion of the particular creditor in question.

Another claim of the complainants is that the execution creditor should be restrained from selling real estate of a decedent because, after the issuance of the writ of *venditioni exponas*, the administrator *c. t. a.* applied to the Orphans' Court for leave

to sell the land of the decedent for the payment of his debts, which his personal estate was insufficient to pay. There is no authority in a Court of Chancery to so restrain a creditor from pursuing his remedy at law. Perhaps the Orphans' Court should have equitable power in a proper case to restrain execution creditors of a decedent from proceeding to a sale after it has taken jurisdiction of the settlement of the estate of a decedent upon the petition made to it for an order to sell land of the decedent to pay debts of the decedent, but the Court of Chancery has no power to so restrain an execution creditor of the decedent under the allegations of the bill.

It is further urged in complainants' brief that the judgment against the administrator was invalid because it was obtained under an amicable action, it being urged that all suits against executors must be begun by summons. It is apparent that this position is untenable. An executor or administrator, or any other person, may become party to an amicable action at law and refer matters of controversy to referees, and the judgment so obtained is a valid one for the purpose of obtaining a lien upon the real estate of a decedent.

On none of the grounds urged, therefore, would it seem that the complainants are entitled to the equitable relief sought, and the bill should be dismissed. Inasmuch, however, as the original bill was also demurrable for want of equity, and inasmuch as the defendants have not taken the objections to the bill or the amended bill as promptly as they might, and at the preliminary steps of the pleading, they should be penalized and required to pay all the costs of the cause accruing after the time when the defendants could have demurred, and the order of dismissal of the bill will be made upon those terms.

The motion to dismiss is made on behalf of only part of the defendants, viz., Etchells and McCann, and ordinarily the bill would be dismissed only as to them, but inasmuch as the other parties are formal, though perhaps necessary parties, viz., the Sheriff who executed the legal process, and the devisees of William Holschumaker who did not join as complainants and whose interests are the same as the copmlainants', the bill should be dismissed as to them also.

Having decided to dismiss the bill, it is not necessary to decide the motion to dissolve the preliminary injunction based on want of equity of the bill, if such a motion be one proper to be made at the state of the proceedings when made.

Let a decree be entered accordingly.