First, as to the motion to dismiss. No answer has yet been filed by the intervenors. They have filed a paper in the form of an answer. But by the terms of the order allowing its filing, it is to be taken as an affidavit only in considering the motion to dismiss, and as an answer in case the motion to dismiss is denied. The motion to dismiss therefore stands in the technical position of having been filed before answer.
In Holschumaker et al. v. Etchells et al., 9 Del. Ch. 33, 74 A. 644, a motion to dismiss after answer filed because of a want of equity appearing on the face of the bill was made after answer filed. The Chancellor permitted the motion to stand and dismissed the bill. He observed, however, that inasmuch as in the case before him a motion to dismiss the bill was in the nature of a demurrer, the better and more orderly practice would be to require that a demurrer be filed instead of a motion to dismiss. There were precedents for motions to dismiss for want of equity after answer filed, and so the Chancellor in the cited case, notwithstanding he regarded the practice as undesirable, proceeded to pass on the motion then pending before him. In the federal courts motions to dismiss have supplanted demurrers.
[1] The instant case is distinguishable from the one found in9 Del. Ch. 33, 74 A. 644, supra, because the ground upon which it rests is not apparent on the face of the bill. The only facts shown by the bill which can in any wise bear upon the charge of collusion, on which the motion rests, are that the president and vice president of the complaining corporation are the president and vice president respectively of the defendant corporation. These facts are too meager to justify the conclusion that the complainant and defendant are not genuinely adversary parties. The identity of other officers of the two corporations is not shown by the bill; neither does it disclose the personnel of the two directorates, or that they are dominated by the same individuals; Information upon these points is revealed solely by the intervenors' affidavits.
When the motion to dismiss was filed no order was either asked for or entered directing how the motion should be heard. Affidavits were permitted to be filed by the intervenors; but no order on the complainant was made directing it how and when it should defend against the motion. The question of procedure was not discussed or raised. The intervenors presented affidavits showing that both the complainant and defendant corporations possessed boards of directors the controlling majority in each of which consisted of the same individuals and that the Rosenbaums dominated each board. No affidavits have been filed by the complainant denying these facts.
Thus the motion which if granted would terminate the suit in this court is presented in *Page 460 
a fashion that the mover has assumed to be satisfactory.
[2] This is the first occasion when a motion to dismiss based on matters dehors the record has been presented in this State. Before venturing to appear to endorse the practice which has been followed in this case and thereby establishing it as grounds for a precedent, I prefer to have the benefit of the views of the solicitors in the cause upon the question of procedure. There seems to be no doubt upon the general proposition that a person who is not a party to a cause but who may be affected by its determination, is entitled to an opportunity to present to the court a motion to dismiss on the ground that the formal parties to it are not in fact adversary litigants, and that they are acting in concert to secure a result injurious to him. Lord v. Veazie, 8 How. 251, 12 L. Ed. 1067; Cleveland v. Chamberlain, 66 U. S. (1 Black) 419, 17 L. Ed. 93; Livingston v. D'Orgenoy (D. C.) 108 F. 469; American Wood Paper Co. v. Heft, 75 U. S. (8 Wall.) 333, 19 L. Ed. 379; Judson v. Flushing Jockey Club, 14 Misc. Rep. 562, 36 N. Y. S. 128; 1 C. J. 974; 15 C. J. 784.
I am not satisfied, however, to proceed to pass upon the motion in this case until the question of procedure has been considered with the assistance of the solicitors in the cause. If I were to pass upon the motion, keeping only the bill before me, I should deny it. But if the facts were as the intervenors' affidavits disclose, the matter would require serious consideration. Not being satisfied that it would be proper to consider these affidavits now before the court as controlling on the motion to dismiss, the motion will stand over for later disposition if the intervenors choose further to press it.
[3-5] The next and final question to be considered is whether a preliminary injunction should issue as prayed. The complainant does not charge that the directors, in granting to the Levinson group the right of inspection, were moved by a spirit of hostility towards the defendant company or that they were actuated in any sense by a fraudulent purpose, or that their act was ultra vires. The bill and affidavits clearly show the contrary. The defendant's directors thought that for prudential reasons it would be unwise to deny the demanded inspection, for fear that a denial would arm the Levinson group with a weapon of propaganda that would be used to the injury of the company. The complainant does not controvert this view. It appears to think, however, that if the right of inspection can be denied to Levinson and William H. Muller Company, through the instrumentality of an injunction obtained on the complainant's application, the injury from Levinson's apprehended propaganda would be averted. The complainant charges and the defendant admits, that the directors of the latter were afraid for business reasons to refuse the demand of Levinson and the Muller Company, notwithstanding they were satisfied that the demand was without any right or justification for its support. The complainant agrees with the defendant in the position that Levinson and his associates have no right to inspect the books, and insists at one point in its bill that the directors abused their discretion in agreeing to the inspection. This is tantamount to saying that the directors of the corporation were extremely unjustified in their apprehension with respect to the capital Levinson would make out of a refusal. The complainant is quite willing to stand forth as the obstructor of Levinson and evidently believes that Levinson can build no successful propaganda around its activities. When it is considered that on the present showing, the acts of the complainant, which is responsive to the same influences that control the defendant, are evidently done if not by the procurement at least by the assent of the defendant, it is difficult to see how a denial of Levinson's right to inspect, effectuated through an injunction obtained by the complainant, can be any less damaging to the defendant than would be the case if the denial of Levinson's right were effectuated through a resolution of the defendant's directors.
Putting the matter in the light most favorable to the complainant, the sole equity on which its bill rests is that a stockholder of the defendant corporation should be allowed to assert a legal right in behalf of its stockholders which its directors in their judgment thought they ought not to assert, simply because if the directors asserted it some one might place a false interpretation on their conduct, whereas if the complainant stockholder asserted it no such false interpretation could be imputed to the transaction.
I do not think that such a situation constitutes ground for equitable relief. If it be true that Levinson and his associates have had as full information as they are entitled to, or that their motives in seeking the examination are improper ones, the defendant would be entirely justified in refusing the inspection. State ex rel. Theile v. Cities Service Co., 31 Del. (1 W. W. Harr.) 514, 115 A. 773, 22 A. L. R. 8; and in the mandamus suit which has been filed in Illinois, the defendant would be permitted to show those facts by way of an effective defense. Rodger Ballast Car Co. v. Perrin, 88 Ill. App. 323.
If the defendant corporation is being harassed by the so-called nuisance demands of Levinson and his associates, as is claimed, it is but undergoing an annoyance and vexation that is not at all uncommon to corporations. If in the judgment of its directors it appears *Page 461 
wise for prudential reasons to succumb to the annoying demands. I think the matter lies so appropriately in the field of management, that a stockholder has no right to the aid of a court of equity to assist him in overcoming the judgment of the directors. A presumption exists that corporate action whether by stockholders or directors in the sale of assets is in the best interests of the corporation. Robinson v. Pittsburgh Oil Refining Corp., 14 Del. Ch. 193, 126 A. 46; Finch v. Warrior Cement Corp. (Del.Ch.) 141 A. 54; and in Davis v. Louisville Gas Electric Co. (Del.Ch.) 142 A. 654, it was said generally that courts will not upset the decisions of either directors or stockholders as to questions of policy and business management. An abundance of authority in other jurisdictions might be cited to the same effect. Fraud, actual or presumed, or illegal or ultra vires misconduct must be shown to justify an interference by the courts with such decisions. The mere fact the surrender of the directors to a stockholder's unjustified demand for inspection was actuated by the belief that resistance on their part would be used to defame the corporation, does not in my opinion supply a ground for interference by a court of equity on another stockholder's application for the purpose of drawing into its cognizance the subject matter of the demanding stockholder's right.
The rule for preliminary injunction will be discharged. The motion to dismiss will stand over for subsequent disposal.
 *Page 801