MERCANTILE TRADING COMPANY, a corporation of the State of Illinois,

*vs.*

ROSENBAUM GRAIN CORPORATION, a corporation of the State of Delaware.

*New Castle, Aug. 8, 1931.*

*George N. Davis*, for complainant.

*Hugh M. Morris*, for defendant.

*Aaron Finger*, of the firm of Richards, Layton & Finger, for intervenors.

THE CHANCELLOR: Reference is made to an opinion handed down on last April 28 for the facts necessary to an understanding of the case. In that opinion I declined to pass upon the pending motion to dismiss, because of doubts upon a question of procedure. The parties have since agreed that the motion might be heard and disposed of on the affidavits already on file and it was stated by each party that no further evidence was desired to be submitted.

The procedural question is thus removed from the case and I accordingly proceed to dispose of the motion.

The bill seeks to enjoin the defendant from allowing the intervenors to enjoy a right of inspection which they say they are entitled to enjoy and which in fact the defendant through its board of directors has signified its assent to. The complaining stockholder is a corporation. The uncontradicted evidence now before the court is that Emanuel F. Rosenbaum is president, Edwin S. Rosenbaum, vice-president, S. J. Spain, secretary, L. T. Sayre, assistant secretary, and L. Nairn, treasurer, of the defendant corporation, and that the same persons hold similar offices in the complainant corporation. All of the persons just named, except Spain, are members of the board of directors of the defendant. They compose four of the seven directors of the defendant. The complainant owns all the common stock of the defendant. All the stock of the complainant corporation is owned by the two Rosenbaums above mentioned and their wives, except a few shares which are owned by other close relatives of the Rosenbaums and a few more that are held by employees of the defendant corporation for the purpose of qualifying them as officers and directors of the complainant. The officers of the complainant corporation are as already stated the officers of the defendant, and the directors of the complainant corporation are the two Rosenbaums and salaried employees of the defendant corporation.

I think there can be no doubt but that the same persons who control the complainant control also the defendant.

We have therefore a case where the management of the complainant has instituted a suit to restrain the carrying out of a proposed action by the defendant, when the management of the defendant which has resolved to take it is in substance the same in personnel as that of the complainant which seeks to stop it. The proposed action consists in the opening of books to inspection by stockholders of the defendant who are not parties to the suit. The rights

of strangers to the litigation are thus sought to be affected by a suit to which they are not parties. The parties to the suit who, if it proceeds, will litigate the rights of the third persons, are really not adversary parties in the true sense of the word. The identity of the controlling interests and management in the complainant and defendant is not seriously questioned. Stripping the case of the formal appearances which the fiction of corporate personality creates, a case is revealed in which a set of men in one role sue to restrain themselves in another role from recognizing certain rights of third parties which in that other role they were free to contest. It is much as if a man were to sue to enjoin himself from doing something with respect to the rights of others which he had resolved to do and which he need not have resolved to do.

Where the rights of a third party are alone involved in the outcome of a suit in which the adversaries are such only in form and where they are manifestly in harmony in opposition to the third, it can hardly be said that a genuinely litigious controversy is pending. In the opinion heretofore filed by me in this cause (17 *Del. Ch.* 325, 331, 154 *A.* 457, 460) I used the following language:

"There seems to be no doubt upon the general proposition that a person who is not a party to a cause but who may be affected by its determination, is entitled to an opportunity to present to the court a motion to dismiss on the ground that the formal parties to it are not in fact adversary litigants, and that they are acting in concert to secure a result injurious to him."

The case cited by me in support of this right of the third party to move for a dismissal sustains also his right to obtain it in such a case.

I conclude that the movers in this case have shown enough to warrant the granting of their motion to dismiss.

The complainant cites cases to the effect that the fact that two corporations have directors or other officers in common does not of itself prevent one from maintaining an

action at law against the other and that a judgment rendered in such an action is valid if free from fraudulent conduct on the part of the officers who procured the judgment. If this principle be conceded, I do not see how it is applicable here, for in the instant case the decree sought is one that is aimed at the rights of a third person who is not only not present as a party but who is not even named as one.

The motion to dismiss will be granted. Decree accordingly.