IsIDOR TACHNA and J. LESTER ALBERTSON, complainants-respondents,

*v.*

PRESSED STEEL CAR COMPANY, a New Jersey corporation, defendant-appellant.

[Argued January 23d, 1933.   Decided January 31st, 1933.]

*Messrs. Wall, Haight, Carey & Hartpence (Mr. Albert C. Wall)*, for the defendant-appellant.

*Mr. Harry Lane* and *Mr. George Furst*, for the complainants-respondents.

*Mr. Ralph E. Lum*, for the receivers.

The opinion of the court was delivered by

BODINE, J.

This is an appeal from a decree of the court of chancery appointing receivers for the Pressed Steel Car Company. An

application for a stay of the injunction pending appeal was granted. At the time of the hearing on that matter, the parties agreed that the question involved in this appeal should be heard and determined as though before us in the usual manner. The learned vice-chancellor limited the decree so as not to inferfere, pending appeal, with the defendant's current business. We conclude that the decree must be reversed.

The Pressed Steel Car Company is a New Jersey corporation enjoying a lucrative business in the manufacture of railroad cars. The balance sheet shows assets of more than forty millions of dollars and a surplus of more than twelve millions of dollars. The company has a large amount of cash on hand, and its officers appear to be capable and conscientious; at least, there is not a suggestion in the record to the contrary. The company has, during the last year, operated at a loss, but there can be little doubt that economies and a slight increase in business will do much towards restoring earnings. The prospects are that this company may carry on as long as railroad cars are used. The mere circumstance that it has used part of its earned surplus in operation, in times such as business men have of late experienced, indicates no more than that the officers have made the very use of the surplus intended when it was created. A suspension of business, or a sale of capital assets, would certainly be disastrous at this time.

Those substantially interested in the company have faith in its prospects. There are times when it is not advantageous to press for the liquidation of a going business. Where the officers with an honest purpose are striving against adversity and their case is not hopeless, the court of chancery can accomplish nothing by the appointment of receivers, and it is under a duty not to intervene, unless the action of the officers and directors is such as to jeopardize the interest of creditors and the public. *Brundred* v. *Paterson Machine Co., 4 N. J. Eq. 294.*

There is no redress for a mistaken use of the power vested in the court of chancery for the appointment of receivers.

*Greenbaum* v. *Lafayette and Broad Realty Co., 96 N. J. Eq. 317.* The power to appoint receivers is also the power to destroy a going business. The power should never be exercised except where the statutory requirement clearly appears that "the corporation has become insolvent and is not about to resume its business in a short time thereafter, or that its business has been and is being conducted at a great loss and greatly prejudicial to the interests of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders." *P. L. 1931 p. 546.* The intervention of the court can seldom have any other result than the ultimate sale and distribution of assets. When money is scarce and business is depressed, there is not a market for the sale of assets. "It is easy to see if the court should put forth its power at such a time merely because the corporation assailed had, from such causes, become insolvent, it would do harm rather than good and that instead of giving protection to creditors it would imperil their safety, and instead of preserving the rights of stockholders it would destroy the value of their stock." *Atlantic Trust Co.* v. *Consolidated Electric Storage Co., 49 N. J. Eq. 402.*

The power vested in the court of chancery by section 65 of the Corporation act, see amendment (*P. L. 1931 p. 545*), calls for a balancing of the convenience of the public, the creditors and stockholders of the corporation. The counterpart of the section in question, without minor changes since made, was first embodied in our law under an enactment entitled, "An act to prevent frauds by incorporated companies." The court should never intervene, unless it is reasonably satisfied that a corporate business cannot be conducted with safety to the public and its creditors and advantage to its stockholders. *P. L. 1931 p. 545.*

The statute requires that the application for a receiver for a corporation be made to the court of chancery. When the court is satisfied with the sufficiency of the proofs in support of the application it may dispose of the matter. Corporations are thus protected from unfounded attacks upon their credit.

If the court should find the proofs insufficient that would end the matter. If sufficient, it may proceed in a summary way to hear the proofs bearing on the questions of whether the company "is insolvent or has suspended its business for want of funds to carry on the same, or whether the business has been conducted at a great loss and in a manner greatly prejudicial to the interests of its creditors and stockholders." *P. L. 1931 p. 545.* And further, the court may not act unless it appears "that the corporation has become insolvent and is not about to resume its business in a short time thereafter or unless it appears that. its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders." *P. L. 1931 p. 545.*

The present proceeding was commenced by filing a bill of complaint in the clerk's office and the service of a notice of an application upon a later date for the appointment of a receiver. This practice is irregular and subversive of the legislative will that the court of chancery should first consider the merits before the corporate credit can be publicly assailed. Such procedure might result in disaster.

The court is not obliged to act at any time. *Glaser* v. *Achtel-Stetler's Restaurant, Inc., 106 N. J. Eq. 150.* And it should never take jurisdiction except where the balancing of the equities vested in the public, the creditors and stockholders demonstrate the wisdom of exercising this extraordinary power granted to it. It must weigh and consider the interests of all and exercise great caution. *Rawnsley* v. *Trenton Mutual Life Insurance Co., 9 N. J. Eq. 95.* It is no trifling matter to destroy a corporation, in the work of which many persons have devoted the best years of their lives and the capital of which is made up of the savings of many. A creditor with a relatively trifling claim should never be afforded a remedy so drastic unless necessary for the preservation of the rights of creditors and stockholders in general. The application for this extraordinary remedy should be viewed with

great caution in times when business distress is widespread. Remedies exist for the collection of debts and the enforcement of individual rights which are far less devastating in their effect. The court of chancery must exercise its best discretion and exert its powers for the safety of the public and the advantage of the creditors and stockholders. *Rawnsley* v. *Trenton Mutual Life Insurance Co., supra.*

The two complainants hold seven $1,000 slightly overdue debentures of the defendant company. It does not appear how, when or at what prices they acquired the same. The total issue was for several millions of dollars. The company had offered a plan of refinancing which appears to be acceptable to the other debenture holders; at least they did not intervene. Obviously, the complainants did not present a claim justifying the action taken. Their interest in the corporation is far too small to justify a present liquidation which can only result in great loss to the public, creditors and stockholders. The company has a large amount of cash and receivables on hand. Not a single merchandise creditor presses for action. The default on the debentures occurred only this month. No doubt the matter can be adjusted, but if it cannot the complaint upon which the court of chancery may exercise its discretion must come from those substantially interested as creditors or stockholders in the corporation and there must be a showing of the statutory requisites. There certainly must be a showing of a general inability to meet pecuniary obligations as they mature by the honest use of assets or credits. *Wright* v. *American Finance and Securities Co., 85 N. J. Eq. 181; Hoover Steel Ball Co.* v. *Schafer Ball Bearings Co., 89 N. J. Eq. 433.* "Or that its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders." *P. L. 1931 p. 546.* A forty million dollar corporation in times such as these may not be liquidated to satisfy a claim for a few thousand dollars where the management appears honest and capable. The interest of the public, creditors and stockholders are not so served.

The point was made in the court below that because of a restrictive clause in the debentures the complainants were presently precluded from proceding to enforce their claim upon the debentures by an application for a receivership. The clause is as follows: "No holder of any such bond or interest coupon shall have any right to institute any suit, action or proceeding for the enforcement of any of the terms of this agreement or of such bonds or coupons without first giving to the trustees written notice that one or more of the events of default hereinabove mentioned has occurred, nor unless the holders of one-fourth in principal amount of the then outstanding bonds shall have requested the trustee in writing and shall have afforded it reasonable opportunity to institute such action, suit or proceeding in its own name, and shall have offered indemnity satisfactory to the trustee, and shall have deposited their bonds with the trustee if so requested by the trustee; but if the trustee shall have failed to take such action for sixty days after such written notice, request, offer of indemnity and deposit of bonds, the holder of any bond or bonds may proceed thereon."

The court of chancery, relying upon *Reinhardt* v. *Inter-State Telephone Co., 71 N. J. Eq. 70,* ruled otherwise. The point is not necessary to a decision of this case and we, therefore, express no opinion as to the correctness of the rule applied. The same court in *McFadden* v. *Mays Landing and Egg Harbor City Railroad Co., 49 N. J. Eq. 176,* recognized the right of a bondholder to foreclosure only after failure of the trustee to proceed upon request. In the present case, we have assumed, without deciding, the right of the complainants to present a creditors bill when the company defaulted upon its debentures. The proofs demonstrate, however, that they had no substantial interest to protect and even without balancing the equities, we do not think that the action taken was warranted, in view of the lack of proof of jurisdictional facts. The late precedents in the court below have often gone too far in the direction taken in this case, but they have not been brought before us. The early precedents decided with

reasoned care by Chancellors Vroom, Pennington and Williamson and Chief-Justice Depue make clear the rules to be applied. These authorities were collected by Vice-Chancellor Van Fleet in *Atlantic Trust Co.* v. *Consolidated Electric Storage Co., supra,* and are controlling.

The decree is reversed.

*For affirmance*—None.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. •12.