HERBERT NOBLE AND FRANK A. RUSSELL,

*vs.*

EUROPEAN MORTGAGE & INVESTMENT CORPORATION, a Corporation of the State of Delaware.

*New Castle, Feb.* 24, 1933.

*Ayres J. Stockly,* of the firm of Hastings, Stockly & Duffy, for complainants.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for defendant.

THE CHANCELLOR: 1. The first ground of demurrer is that the bill fails to state such a case as entitles the complainants to the relief sought—that relief being the appointment of a receiver on the ground of insolvency.

The bill alleges insolvency on the part of the defendant. But a bare showing of insolvency alone will not result in the appointment of a receiver as a matter of course. Inasmuch as the appointment is discretionary with the Chancellor, the appointment will not be made, even though the

jurisdictional fact of insolvency exists, if the Chancellor in the proper exercise of his discretion deems it unwise under the circumstances to make the appointment. *Jones v. Maxwell Motor Co.*, 13 *Del. Ch.* 76, 115 *A.* 312; *Freeman v. Hare & Chase, Inc.*, 16 *Del. Ch.* 207, 142 *A.* 793; *Kenny v. Allterton Corp.*, 17 *Del. Ch.* 219, 151 *A.* 257; *Boggs v. Bellevue, Inc.*, 18 *Del. Ch.* 108, 156 *A.* 202.

Inasmuch as a receiver will not be appointed except as a favorable appeal is made to the Chancellor's discretion, the solicitor for the demurrant argues that the bill should supplement its charge of insolvency by allegations of fact which, if true, would move the Chancellor's discretion in favor of the appointment. The question thus raised is, therefore, one of pleading. The cases just cited have no bearing upon it, for they were decided on final hearing.

This court, however, in *Sill v. Kentucky Coal & Timber Dev. Co.*, 11 *Del. Ch.* 93, 97 *A.* 617, to all intents and purposes passed upon the question of whether facts to support a favorable exercise of discretion must as a matter of pleading be shown in the bill. That case was not on demurrer. It arose on a motion to dismiss, which in substance was a demurrer to the bill. *Holschumaker, et al., v. Etchells, et al.*, 9 *Del. Ch.* 33, 74 *A.* 644. Chancellor Curtis so treated the motion in the *Sill Case*. In that case the Chancellor indicated in his opinion that a bill for receiver under *Section* 3883 of the *Code* was not subject to demurrer simply because facts were not alleged which would make a favorable appeal to the Chancellor's discretion. It is true that at two points in his opinion he stated that the bill ought to set out facts upon which to move the discretion in favor of the appointment. But the order he entered dismissing the motion shows that the bill would be safe from attack on demurrer even though such facts were not alleged.

I consider *Sill v. Kentucky Coal & Timber Dev. Co.*, *supra*, decisive of the question of pleading and accordingly hold that the first ground of demurrer is not well taken.

2. The second ground of demurrer is that the status of the complainants as creditors is based entirely on the fact that they hold certain bonds—$5,000.00 out of a total issue of $10,502,500.00—which were issued under a collateral trust indenture securing them, and that the indenture, as shown by the bill, contains a provision by which the complainants as bondholders are forbidden to maintain such a suit as they have here instituted. The provision referred to is as follows:

"No holder of any bond or coupon issued hereunder shall have any right to institute any action or proceeding at law or in equity upon or in respect of this indenture, or for the execution of any trust or power hereof, or for any other remedy under or upon this indenture, without having given to the Trustee written notice of a default hereunder and of its continuance as hereinabove provided, nor unless also the holders of twenty-five per cent (25%) in amount of the bonds then outstanding hereunder, shall have made written request of the Trustee to act hereunder and have afforded it reasonable opportunity so to act, nor unless also they shall have offered security satisfactory to the Trustee against all costs, expenses and liabilities. Such notification, request and offer of indemnity are declared to be conditions precedent in every case to the obligation of the Trustee to take any action on account of any default under this indenture, and to any action or cause of action by any holder under said bonds and coupons and this indenture, it being understood that no one or more holders of bonds and coupons shall by his or their action disturb the lien of this indenture, or enforce any right hereunder, and that all proceedings at law or in equity shall, subject to the provisions of Section 2 of Article IV hereof and of Section 1 of this Article VI, be had for the equal benefit of all holders of outstanding bonds and coupons.

"Nothing in this Section or elsewhere in this indenture or in the bonds or in the coupons attached thereto shall affect or impair the obligation of the Company, which is unconditional and absolute, to pay the principal and interest of the bonds to the respective holders of the bonds and to the respective holders of the coupons attached thereto, at the respective due dates in such bonds and coupons stated, nor affect or impair the right of action, which is also absolute and unconditional, of such holders to enforce such payment."

The case of *Thoroughgood v. Georgetown Water Co.,* 9 *Del. Ch.* 84, 77 *A.* 720, 723, it is contended, sustains the demurrant's position that bondholders under such an indenture cannot maintain a bill for receiver. I do not think so. The Chancellor did remark in that case that,

"As bondholder he [complainant] has no standing, for he has no direct lien, and it seems must enforce his rights as bondholder through the trustee named in the mortgage given to secure this and the other bonds."

But that observation must be taken in the light of the case in which it finds its setting. When so taken, its irrelevancy to the case *sub judice* is apparent. In the *Thoroughgood Case* the Chancellor held that inasmuch as the defendant was a corporation for public improvement, there was no jurisdiction in the court to entertain a bill against it for the appointment of a receiver on the ground of insolvency under *Section* 3883 of the *Code,* corporations for public improvement being expressly excepted by the section from its operation. Therefore, having so held, the bill ceased to be one under the statute, as is the pending one. It could be maintained only according as it found support under the general principles of equitable jurisdiction. Now it was in the light of that situation that Chancellor Curtis remarked that, *qua* bondholder, the complainant could not maintain the bill. All that he could have meant was that the complaining bondholder had not shown a case falling under any head of jurisdiction cognizable in equity—that the mere fact of holding the bond did not bring him under such a head. He was not dealing with the question of whether the holder of one of an issue of bonds secured by an indenture of mortgage sustained a status of creditor such as to entitle him to file a bill for a receiver under the statute against a corporation which is subject to the statute's provisions.

The *Thoroughgood Case* is the only case in this juris-

diction which can be said in any sense to bear on the question raised in this one, and that case, I conceive, has no pertinency. *Central National Bank v. Batemen & Cos.*, 15 *Del. Ch.* 31, 131 *A.* 202, is referred to as having some pertinency. It is of no assistance, however, for its sole point in the present connection is that, in proving claims against a fund in receivership awaiting distribution to creditors, a trustee under an indenture of mortgage securing an issue of bonds is entitled to prove for all the holders of bonds issued under the mortgage, the terms of the mortgage being such that the trustee had become the owner of the legal title to the bonds.

There is, then, no Delaware authority which controls the question raised under the second head of the demurrer.

The right under *Section* 3883 of the *Code* to appeal to the Chancellor to appoint a receiver for an insolvent corporation is given by the terms of the section to "any creditor or stockholder." The complainants do not claim to be stockholders. They do assert themselves to be creditors. They hold the bonded obligations of the defendant which are not yet due and on which matured interest coupons are in default. That they are creditors does not seem to me to be debatable.

The only question is, notwithstanding they are creditors, are they restricted by any term in the indenture under which their bonds were issued and to which the bonds are expressly made subject, from asserting the right as creditors to seek a receivership for the corporate obligor, a right which by virtue of the statute is ordinarily one of the incidents of a creditor's status. The restrictions imposed by the indenture are above set out. A casual reading of them reveals that in point of literal text, nothing is found therein which in any sense forbids a holder of bonds issued under the indenture from suing for a receiver. So far as the literal language of the instrument goes, the compulsion upon the bondholders to act first through the trustee is confined only

to remedies "under or upon this indenture." The complainants are not seeking to pursue any rights under the indenture. The last paragraph of the quoted excerpt is quite clear in reserving to the bondholders complete liberty of action to enforce all payments due them whether for principal or coupons so long as the procedure they adopt is not under the indenture. Restrictions of the character found in this indenture are not to be extended by implication. They are effective only so far as they are clear and reasonably free from doubt. *Fleming v. Fairmount & M. R. Co.*, 72 *W. Va.* 835, 79 *S. E.* 826, 49 *L. R. A.*, (*N. S.*) 155, *Ann. Cas.* 1915D, 978. Being restrictive of the common law rights of creditors, they are to be strictly construed. *Guaranty Trust & Safe-Deposit Co. v. Green Cove Springs & M. Railroad Co.*, 139 *U. S.* 137, 11 *S. Ct.* 512, 35 *L. Ed.* 116; *Reinhardt v. Inter-State Telephone Co.*, 71 *N. J. Eq.* 70, 63 *A.* 1097.

The complainants hold interest coupons which are in default. Under the terms of the indenture itself they can assert with respect to such coupons the right of payment and can bring an action to enforce the same. The complainants are creditors, therefore, who possess a right to enforce immediate payment of coupons overdue without recourse to the trustee. *Fleming v. Fairmount & M. R. Co.*, *supra*, and *Muren v. Southern Coal & Mining Co.*, 177 *Mo. App.* 600, 160 *S. W.* 835. This gives them a status entirely unaffected by any supposed limitations which the indenture might be thought to impose upon their right to seek to enforce payment of the principal of the bonds. And so for that reason, if there were no other, they are as much entitled to file a receivership bill under the statute as is any other creditor.

But I am of the opinion that if the indenture limiting their rights is strictly construed, as it must, there is nothing in its provisions, as I have before pointed out, which restrains them as bondholders, even though the coupons were not overdue, from proceeding under the statute to

secure a receiver. The only pertinent authorities, of which I have any knowledge, support this conclusion. These authorities are from New Jersey. They are *Reinhardt v. Inter-State Telephone Co., supra; Tachna, et al., v. Pressed Steel Car Co.*, 112 *N. J. Eq.* 174, 163 *A.* 806, reversed on other grounds, 112 *N. J. Eq.* 411, 164 *A.* 413. See, also, *Hoyt, et al., v. E. I. Du Pont de Nemours Powder Co.*, 88 *N. J. Eq.* 196, 102 *A.* 666.

The cases cited by the defendant do not appear to me to be in point. Reference to them and the feature that distinguishes each immediately follows. *Home Mortgage Co., et al., v. Ramsey, et al., (C. C. A.)* 49 *F.* (2d) 738, upon which the defendant appears principally to rely, was a bill which appealed to the general jurisdiction of equity to seize property subject to a trust and to administer it, and the court took the view that the suit was one in substance to enforce rights under the indenture, rights which by the indenture there involved, as here, could be asserted only by complying with the mechanics of procedure prescribed therein. It is really unnecessary for me to distinguish that case from this one, because the court deciding it drew the distinction very plainly by pointing out that such a case as *Reinhardt v. Inter-State Tel. Co., supra,* with which the instant one is to be classed, rested on an entirely different principle. *Employers' Reinsurance Corp. v. Boston Mutual Life Ins. Co., (C. C. A.)* 45 *F.* (2d) 593, was a mortgage foreclosure—clearly a case in which the remedy was sought under the indenture. *McGeorge v. Big Stone Gap Imp. Co., (C. C.)* 57 *F.* 262, presents a bill which sought relief under the general principles of equity. The bill was not based on any such statute as is the pending one. The relief sought was of an entirely different nature. Moreover the indenture in that case prevented the bondholder not only from enforcing rights under it except through the trustees in the manner specified in the indenture, as here, but further from proceeding at law or equity "for any other remedy"—a general

224

restriction not found in the instant case. *Jones, et al., v. Atlantic & W. R. Co.,* 193 *N. C.* 590, 137 *S. E.* 706. That was a case in substance of foreclosure under the indenture, which is not this one. Furthermore, the indenture differed from the one now before this court by forbidding a bondholder to institute a suit for a receiver. *Fleming v. Fairmount & M. R. Co., supra,* and *Muren v. Southern Coal & Mining Co., supra,* were actions at law to recover judgment on unpaid interest coupons. In both cases it was held that the plaintiffs were entitled to recover, the indentures being generally 'similar to the one involved in this case. Manifestly those cases have no pertinency to the instant one. What the courts said in those cases about the limitations imposed by the indentures upon the bondholders would be in point here only if the complainants were seeking such a remedy as foreclosure "under or upon this indenture," a thing which their bill does not seek.

The demurrer will be overruled. Order accordingly.