GEORGE M. TIETJEN,

*vs.*

UNITED POST OFFICES CORPORATION, a corporation of the State of Delaware.

*New Castle, June* 22, 1933.

*John Biggs, Jr.,* for complainant.

*Christopher L. Ward, Jr.,* of the firm of Marvel, Morford, Ward & Logan, for defendant.

· THE CHANCELLOR: The plea sets up the defense that the complainant holds bonds which were issued under an indenture of mortgage whose terms are such as to forbid the maintenance of the pending bill. The plea sets out *Section* 1 of *Article* 7 of the indenture, which is as follows:

"Section 1. All rights of action in respect of this indenture shall be exercised only by the Trustees, or either of them, and no holder of any bond or interest coupon issued hereunder shall have any right to institute any suit, action or proceeding at law or in equity for the foreclosure of this indenture, or for the appointment of a receiver, or for any other remedy hereunder, unless and until the Trustees shall have received the written request of the holders of twenty-five per cent. (25%) in principal amount of the bonds then outstanding hereunder and shall have been offered indemnity satisfactory to them and shall have refused or for thirty (30) days thereafter neglected to institute such suit, action or proceedings and it is hereby declared that the making of such request and the furnishing of such indemnity are in every case conditions precedent to the execution and enforcement by any bondholder or bondholders of the powers and remedies given to the Trustees hereunder, and to the institution and maintenance by any bondholder or bondholders of any action or cause of action for foreclosure or for the appointment of a receiver or for any other remedy hereunder, but the Trustees may in their discretion and, when thereunto duly requested in writing by the holder or holders of twenty-five per cent. (25%) in principal amount of the bonds then outstanding hereunder and furnished indemnity satisfactory to them against expenses and charges and liability, shall forthwith take such appropriate action, by judicial proceedings or otherwise, in respect of any existing default on the part of the Corporation hereunder as they may deem expedient in the interests of the holders of bonds issued hereunder."

The plea then avers that the trustees have not received the written request of the holders of twenty-five per cent. in principal amount of the bonds outstanding to institute any suit, action or proceeding for the appointment of a receiver of the defendant or any of its property and that they have not been offered indemnity as required by the said indenture; that the trustees have not refused or neglected to institute any suit, action or proceeding after

demand of the holders of twenty-five per cent. in principal amount of the bonds outstanding, and that in fact no demand of any sort has been made upon the trustees to institute any suit, action or proceeding at law or in equity under the said indenture, or otherwise, in respect of any rights or remedies of the holders of any of the bonds issued under the indenture. Wherefore, the plea concludes, that the bill be dismissed with costs.

While the plea sets out only the portion of the indenture above quoted, yet the entire instrument was submitted to the court at the argument and it was agreed that the same might be considered as though it had been pleaded in its entirety.

In *Noble, et al., v. European Mortgage & Investment Corp., ante p.* 216, 165 *A.* 157, the binding effect of restrictions of the type found in this indenture was recognized. It was there said, however, that such restrictions are not to be extended by implication. In that case the restrictions were so defined that nothing was found in them which forbade the right of the complainant to maintain his bill.

But the provisions in the instrument before the court in this case are more stringent in their limitations upon the bondholders' rights than were the restrictions in the *Noble Case.* What clearly distinguishes the pending case from the *Noble Case* is this—that here the indenture in Section 1 of Article 7 expressly denies to any bondholder the right to sue for the appointment of a receiver unless the required request has been made of the trustees to proceed and there has been a refusal or neglect by the trustees to proceed as requested. The making of the request and the giving of indemnity are stated in the section to be conditions precedent to the right of any bondholder or bondholders to the enforcement of the powers and remedies given to the trustees by the indenture or to sue for a receiver.

It is suggested by the complainant that the only sort of receiver which the prohibition referred to can be taken to contemplate is a receiver of the property under the indenture, and that inasmuch as the pending bill seeks a general receiver for the corporation and not of the property alone, the prohibition is not applicable. The answer to that suggestion I think is plain, for it is to be observed that the request and refusal are conditions precedent not only to the bondholders' right to sue for a receiver but as well to the bondholders' right to enforce any power or remedy given to the trustees. Now among those powers which are given to the trustees is the one found in Section 5 of the same Article 7, which is that in case any one of the defaults occurs under Section 2 (which defaults accelerate the maturity of the bonds) the trustees are "entitled as of right, without notice, to the appointment, of a receiver * * * of each and every the rights and properties of the corporation, with power to operate and continue the business of the corporation, and with all other rights and powers of receivers in equity." This language clearly shows that the sort of receiver which the bondholders are forbidden to seek without satisfying the conditions precedent, is not of the limited type which operates only in a custodial capacity over the mortgaged property.

Other provisions found in the indenture are referred to by the solicitor for the defendant as corroborative of this view. I shall not, however, pause to point them out and give my views with respect to them. I am of the opinion that what has been said is enough standing alone to justify the conclusion that the complainant is forbidden by the terms of the indenture to maintain his bill.

The plea will therefore be sustained.