HIRAM J. HALLE *v.* VAN SWERINGEN CORPORATION, a corporation of the State of Delaware.

492

(*May* 27, 1936.)

·LAYTON, C. J., sitting.

*Hugh M. Morris* and *Ivan Culbertson* for plaintiff. *Cravath, deGersdorf, Swain & Wood* and *William D. Whitney* (all of New York), of counsel.

*James H. Hughes, Jr.,* (of Ward & Gray) for defendant.

Superior Court for Sussex County, No. 20, April Term, 1936.

LAYTON, C. J., delivering the opinion of the Court:

The notes are the principal debt. The trust indenture is the incidental security. Co-exisiting remedies peculiar to each exist. *Philadelphia & Baltimore Central R. Co. v. Johnson,* 54 *Pa.* 127. See *Paepcke v. Paine,* 253 *Mich.* 636, 235 *N. W.* 871, 75 *A. L. R.* 1205.

The common law right to sue upon the notes is not affected by the remedies provided in the indenture un-

less its provisions exclude this right by express terms or necessary implications. 6 *Fletcher, Cyc. Corp.*, § 2751; *Noble v. European Mtg. & Inv. Corp.*, 19 *Del. Ch.* 216, 165 *A.* 157; *Manning v. Norfolk Southern R. Co. (C. C.)*, 29 *F.* 838.

There is authority for holding that a direct reference in bonds or notes to a collateral agreement under which they were issued causes the applicable provisions of the latter to become incorporated in the former as effectively as if they were written in them. *Home Mortgage Co. v. Ramsey (C. C. A.)*, 49 *F.* (2d) 738; *Moody v. Pacific S. S. Co.*, 174 *Wash.* 256, 24 *P.* (2d) 609. There is also authority for the holding that where the reference is general, and no particular provision of the collateral agreement is mentioned which modifies the unconditional promise to pay, such general reference does not make the instrument referred to a part of the promise to pay, or indicate an intention to impose any condition upon that promise. *Sturgis Nat. Bank v. Harris Trust & Savings Bank*, 351 *Ill.* 465, 184 *N. E.* 589; *Cunningham v. Pressed Steel Car Co.*, 238 *App. Div.* 624, 265 *N. Y. S.* 256, affirmed 263 *N. Y.* 671, 189 *N. E.* 750.

With respect to this conflict of authority a decision is not required. See, however, *Continental Guaranty Corp. v. People's Bus Line*, 1 *W. W. Harr.* (31 *Del.*) 595, 117 *A.* 275.

There is nothing in the notes which purports to restrict or qualify the absolute right of action of the holder at maturity, nor does the trust indenture prevent an abandonment of the security afforded by it and the enforcement of payment of the notes according to their terms. On the contrary, when the trust indenture is examined, it is found that the defendent corporation itself as carefully distinguished between a remedy under the indenture, and the

common law right of action upon the notes as unconditional promises to pay. See *Sturgis Nat. Bank v. Harris Trust & Savings Bank, supra; Paepcke v. Paine, supra; Mendelson v. Realty Mortg. Corp.,* 257 *Mich.* 442, 241 *N. W.* 154; *Enoch v. Brandon,* 249 *N. Y.* 263, 164 *N. E.* 45; *Cunningham v. Pressed Steel Car Co., supra.*

The defendant has expressly declared that nothing in the indenture, or in the notes, or in the coupons, shall affect or impair its absolute and unconditional obligation to pay the principal and interest of the notes at the date of maturity, or affect or impair the absolute and unconditional right of action of the holders of the notes to enforce payment.

In *Noble et al. v. European Mtg. & Inv. Corp., supra,* the complainants were the owners of bonds of the defendant corporation, the interest coupons of which were in default. As creditors, under *Section* 3883, *Rev. Code* 1915, they applied for the appointment of a receiver. The restrictive provisions of the trust indenture, under and pursuant to which the bonds had been issued, were almost precisely the same as those under consideration here. It was contended that, under the restrictions, the complainants did not sustain a creditor status such as to entitle them to maintain the suit.

The Chancellor, however, held that the complainants were creditors; that there was nothing in the indenture restricting their right as such to seek a receivership; and, distinguishing between remedies under and outside of the indenture, he found that, by the very terms of the indenture, complete liberty of action had been reserved to the bondholders, without recourse to the trustee, to enforce all payments due them whether for principal or interest so long as the procedure was not under the indenture.

This ruling was not modified or qualified in *Tietjen v. United Post Offices Corp.*, 19 *Del. Ch.* 343, 167 *A.* 846. There the restrictive provision of the indenture expressly denied to a bondholder the right to institute a proceeding for the appointment of a receiver except upon compliance with certain conditions. The effect of this provision was recognized and enforced, and the application by a bondholder for a receiver was denied in the absence of a showing of such compliance.

Each case, of course, must be decided upon its particular facts. The authorities cited by the defendant corporation are not in point. In *Moody v. Pacific S. S. Co., supra,* on the face of the bonds was a restrictive provision that the holder should have no right of action thereon, or under the mortgage, except as provided in that instrument. In *Colsky v. Eyres Storage & Dist. Co. et al.,* 178 *Wash.* 404, 34 *P.* (2d) 1114, 1116, on the notes was a stipulation that they and the indenture were to be considered as parts of one and the same contract, and, in the trust indenture was a provision that "under no circumstances shall the holder of any bond or coupon * * * have any right to institute any action at law upon any bond * * * or any coupon" except upon the refusal of the trustee to act and upon compliance with certain conditions. In *Crosthwaite v. Moline Plow Co.* (*D. C.*), 298 *F.* 466, and in *Allan v. Moline Plow Co.* (*C. C. A.*), 14 *F.* (2d) 912, 913, the language of the restrictive provision, in each case, was that "no holder of any note issued hereunder shall have the right to institute any suit, action or proceeding, at law or in equity, for the collection of any sum due from the company on such note, for principal or interest," except upon compliance with stated conditions. *Employers' Reinsurance Corp. v. Boston Mutual Life Ins. Co.* (*C. C. A.*), 45 *F.* (2d) 593, was a case of mortgage foreclosure, a remedy under the trust indenture. In *McGeorge v. Big Stone Gap Imp.*

*Co. (C. C.)*, 57 *F.* 262, a bill was filed seeking relief under general equity principles. The indenture denied the bondholder the right to any remedy except through the trustees as provided therein. In *Batchelder v. Council Grove Water Co.*, 131 *N. Y.* 42, 29 *N. E.* 801, suit was brought upon mortgage bonds before their due date. In the bonds was a provision that in case of default in payment of interest, the principal sum should become due in the manner and with the effect provided in the trust deed. The clause in the trust deed provided, that upon default in interest, continuing for six months, the principal of all the bonds should become due, and that, upon written request of the holders of a majority of the bonds, the trustee should proceed to collect the principal and interest by foreclosure and sale. It was held that the remedy provided in the trust deed was exclusive. In *Mitchell v. Madison Ave. Offices, Inc.*, 147 *Misc.* 149, 263 *N. Y. S.* 442, 443, the bonds contained a provision that upon default in interest or principal the principal might be declared to be due and payable on the conditions and in the manner and at the time provided in the mortgage. It was stipulated in the mortgage that "under no circumstances shall the holder of any bond or coupon * * * have any right to institute any action at law upon any bond * * * or coupon" except in certain contingencies, and the court said "neither the bonds nor coupons contain an absolute promise to pay."

*Home Mortgage Co. v. Ramsey, supra*, is relied upon strongly. What was said of this case by the Chancellor in *Noble et al. v. European Mortg. & Inv. Corp., supra*, is sufficient to dispose of it as an authority for the defendant's contention; but it also may be said that, while the restrictive provisions of the trust indenture were substantially in the same language as those under consideration, the question there was not whether a bondholder could maintain an individual action at law upon the bond at its maturity. The

suit was by a single bondholder for the appointment of a receiver. The complainant had only an option to buy the bonds at the time the receiver was appointed, and bought them only for the purpose of obtaining a receivership. Moreover, the bonds had not been in default, either as to principal or interest, at the time the receiver was appointed. The language of the Court's opinion should, of course, be considered and judged in the light of the facts before it. The Court did say that the rights of the plaintiff were under her bonds and the indenture, and that, if she did not stand upon the indenture, she had no standing at all. But this is far from saying that, by the terms of the indenture, the plaintiff could not have maintained an action at law upon her bonds if default had occurred at maturity. Its reference to *Reinhardt v. Inter-State Telephone Co.*, 71 *N. J. Eq.* 70, 63 *A.* 1097, rather points to the contrary opinion.

The defendant corporation, in its notes and trust indenture, has undertaken to describe the terms on which the notes were issued, and the rights of the trustee and of the holder of the notes. It has selected its own language to express its meaning. Even if there were obscurity or ambiguity, I know of no rule that requires a construction favorable to the corporation. But the language of the restrictive section is so plain and understandable that construction is neither required nor allowed. A prospective purchaser of these notes would see nothing on their face qualifying his right to sue upon them at maturity. Assuming that an examination of the trust indenture is required by the reference thereto, he would find that right confirmed in terms plain and unmistakable. The conclusion follows whether or not the law of the State of New York is applicable.

The affidavit of demand discloses a right of action, and the motion to refuse judgment is denied.