Complainant is the holder of forty-eight shares of the common stock and seventy-four shares of preferred stock of the defendant Roebling Coal Co., Inc., and was an officer and director of the defendant corporation from the time of its organization until May 1st, 1935, when the stockholders at a meeting excluded him from further participation as such officer and director in the affairs of the company. In his bill of complaint he charges the directors and officers of the defendant corporation with negligence, misappropriation and *Page 488 
waste of funds, and illegal and ultra vires acts in the transfer of corporate property to corporations formed for the personal benefit of the directors, and "that in fact the corporation is insolvent and has been insolvent for a long period and that its business has been and is being conducted at a great loss and greatly prejudicial to the interest of its creditors or stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders."
The prayer is for an accounting of the money, property and things of value which the directors or any of them have wasted, misappropriated or lost through negligence or otherwise, and that the corporation be decreed insolvent.
The defendant corporation moves that the bill of complaint be struck upon the following grounds: (1) that the complaint fails to disclose a cause of action calling for relief in this court. (2) That the complaint does not set forth with particularity facts to apprise the defendant as to the relief to which the complainant is entitled. (3) That no facts are pleaded upon which complainant relies for the allegation of insolvency. (4) That the bill prays relief against a foreign corporation touching its internal affairs and in other respects is insufficient in fact and law to enable the court to grant any relief or to make any decree against the defendants touching the matters therein contained.
Even assuming the complainant to be entitled to relief, this court cannot give relief by any decree attempting to regulate the internal affairs of foreign corporations. Jackson v. Hooper,76 N.J. Eq. 592; Fox v. Pathe Exchange, Inc., 106 N.J. Eq. 522.
The allegation of insolvency as contained in the bill is a mere conclusion not predicated upon any facts set forth in the bill of complaint. We have the power in a proper case to decree insolvency if such foreign corporation is doing business in this state. With respect to the alleged insolvency, it also appears upon the face of the complaint that the defendant corporation showed a net profit in 1937 of $8,138.38 and a surplus of $140,966.22 in that year and $112,219.86 in the year 1938. *Page 489 
It is here deemed proper to call attention to the fact that the bill of complaint in this matter was filed in the clerk's office October 20th, 1938, and no subpoena issued until October 31st, 1938, and that the subpoena was served November 2d 1938, on William Levine, president of the defendant corporation. Such procedure was condemned by the court of errors and appeals as "irregular and subversive of the legislative will that the court of chancery should first consider the merits before the corporate credit was publicly assailed." Tachna v. Pressed Steel CarCo., 112 N.J. Eq. 411, 414.
The appointment of a receiver is not a matter of absolute legal right, but calls for the exercise of sound discretion. Glaser
v. Achtel-Stetter's Restaurant, Inc., 106 N.J. Eq. 150, 153.
Had this bill of complaint been presented to the court for an order to show cause thereon, the court in the exercise of its discretion would have declined to entertain jurisdiction.
The motion to strike is granted. *Page 490