STATE OF MAINE
CUMBERLAND, ss.

JUSTIN R. STRUNK

Plaintiff

v.

ADVENT INT'L CORP.,
STEVEN COLLINS,
BENJAMIN GOMEZ,
RICHARD WILLIS,
CARL LABBE, JEFFREY DUMAIS,
and RESORT SPORTS
NETWORK, INC.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-457

ORDER ON
DEFENDANTS' MOTION
TO DISMISS

## BEFORE THE COURT

Before the court is defendants Advent Int'l Corp., Steven Collins, Benjamin Gomez, Richard Willis, Carl Labbe, Jeffrey Dumais, and Resort Sports Network, Inc.'s ("Defendants") motion to dismiss plaintiff Justin R. Strunk, III's ("Plaintiff") complaint.

## BACKGROUND

The facts recited herein are based on the allegations of the complaint, and are recited for purposes of deciding Defendants' motion to dismiss. Plaintiff is a minority shareholder (28.27%) of Resort Sports Network, Inc., ("RSN"), a private Delaware corporation headquartered in Portland, Maine. Plaintiff founded RSN in 1985 as a company providing "outdoor lifestyle" television and online content to mountain and beach resorts. In late 1999 and early 2000, RSN issued, *inter alia*, Series C preferred stock to various investors. Many of these investors were

1

limited partnerships whose general partner is a corporation by the name of Advent International ("Advent").

As pled, Advent thereby obtained effective control of RSN, and used this control to influence the composition of the board of directors. During the time of Advent's control, Plaintiff states that RSN's board of directors prevented him from fulfilling his duties as a director of the corporation, resulting in his resignation from the board in June, 2005. The complaint then alleges acts of fraud and mismanagement on the part of RSN's other officers and directors. Plaintiff provides the following details: (1) Defendant Labbe, RSN's Vice President of sales, instructed his staff to falsify a year-end statement to Toyota, an RSN advertising client, claiming to have run commercials on its affiliate networks that it did not in fact run, (2) Defendant Dumais, President and CEO of RSN, negligently failed to finalize and execute a renewal of a previously exclusive agreement with an affiliate station in Aspen, Colorado, a "crown jewel" affiliate station, (3) RSN also allowed agreements with two other critical affiliates in Vail, Colorado and Park City, Utah, to lapse, resulting in an "at will" relationship with these affiliates in which RSN advertising clients cannot be assured of having their advertisements run.

Plaintiff claims these acts have led to a significant decline in the value of RSN stock, and have driven the company into insolvency. Accordingly, Plaintiff has brought this action against Advent, RSN, and several of its officers and directors seeking damages for the value by which Plaintiff's interest in RSN has declined, and requesting judicial appointment of a receiver for RSN to dissolve the corporation and liquidate its assets. Plaintiff's complaint is presented in

2

three counts, (I) Dissolution and Appointment of a Receiver pursuant to the Delaware General Corporation Act, (II) Dissolution and Appointment of a Receiver pursuant to the Maine Business Corporation Act and (III) a derivative claim on behalf of RSN against the Defendants for Gross Negligence, Bad Faith and Breach of Fiduciary Duty.

Defendants seek to dismiss all counts of Plaintiff's claim pursuant to M.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim upon which relief can be granted. The court will first address Defendant's claim that this court lacks subject matter jurisdiction over Plaintiff's suit, as well as the question implicitly raised by Plaintiff in Counts I and II of his complaint: if the court does have subject matter jurisdiction over this case, which state's corporations law applies, Delaware's or Maine's? Counts I and II request the same action from this court, but pursuant to Delaware law under Count I, and pursuant to Maine law under Count II.

## DISCUSSION

### I.     SUBJECT MATTER JURISDICTION AND CHOICE OF LAW

Defendants claim that this court lacks subject matter jurisdiction over Plaintiff's complaint pursuant to the "internal affairs" doctrine. Defendants describe this doctrine as a judicial recognition that disputes implicating the internal management of a corporation are best resolved by the courts of the incorporating state. *See Madden v. Penn Elec. Light Co.*, 37 A. 817 (Pa. 1897). Defendants point out that RSN is a Delaware corporation and that this is a case

concerning the internal management of RSN.[1] They conclude on this basis that this court lacks subject matter jurisdiction over Plaintiff's complaint.

This assertion is mystifying. While some courts may decline to entertain a case concerning the internal affairs of a foreign corporation, this choice does not speak to the court's jurisdiction over such claims. Moreover, what Defendants refer to as the internal affairs doctrine is not the doctrine as it has developed over the past century. *See e.g. Vantagepoint Venture Partners 1996 v. Examen, Inc.*, 871 A.2d 1108, 1112 (Del. 2005). The internal affairs doctrine, far from being a jurisdiction-stripping doctrine, is a choice-of-law doctrine. *See id.* (stating, "the internal affairs doctrine is a long-standing choice of law principle which recognizes that only one state should have the authority to regulate a corporation's internal affairs – the state of incorporation.")

Moreover, many states, including Maine, have codified it. *See* 13-C M.R.S.A. § 1505(3). This provision states, "This Act [Maine's Business Corporation Act] does not authorize this State to regulate the organization or internal affairs of a foreign corporation authorized to transact business in this State." In other words: the State of Maine may not impose its corporation law on the internal affairs of a foreign corporation operating in Maine; rather, the law of the incorporating state must be applied. Nowhere in this provision is there any language removing the jurisdiction of Maine courts to resolve disputes involving internal affairs of foreign corporations. *See id., see also Restatement 2d, Conflict of Laws* § 313 (stating, "A court will exercise jurisdiction over an action involving

---

[1] Plaintiff's claims against Defendants stem solely from his position as a shareholder of RSN, thus making this an "internal affairs" case. By way of contrast, had Toyota, RSN's client, brought a complaint against RSN for fraud, it would not be an internal affairs case.

**4**

the internal affairs of a foreign corporation unless it is an inappropriate or an inconvenient forum for the trial of the action.")

No doubt Delaware's Chancery Court is better equipped to resolve this dispute from a legal vantage point, being expert in the application of Delaware's General Corporation law. However, other considerations support adjudication of Plaintiff's complaint here in Maine. *See Restatement 2d, Conflict of Laws* § 313. The complaint indicates that RSN's headquarters is located in Portland, Maine, that the Plaintiff is domiciled in Maine, and that two of the individual defendants, Dumais and Labbe, have a place of business in Portland, Maine. The other defendants, with the exception of defendant Willis, who has a place of business in Chicago, Illinois, have a place of business in Boston, Massachusetts. It appears from these recitations that the institution of suit in Maine is practical, and almost certainly more convenient to the individual defendants excepting Willis, than a suit in Delaware would be. *See id.*

§ 1505(3), however, does require dismissal of Count II of the complaint, as it requests dissolution and appointment of a receiver pursuant to Maine's Business Corporation Act, and the court must apply Delaware law to Plaintiff's claim.[2]

## II.   PLAINTIFF'S CLAIMS UNDER DELAWARE LAW

The court will now address Plaintiff's remaining counts, Count I for dissolution and appointment of a receiver pursuant to Delaware's General

---

[2] Plaintiff claims that Count II alleges corporate acts affecting RSN's creditors, and that these third parties are not "internal" to the corporation. However, none of the third parties allegedly affected by RSN's actions has brought a claim against RSN in this case, and Plaintiff does not have standing to bring such claims on their behalf.

Corporations statute, and Count III, a derivative claim on behalf of RSN for gross negligence, bad faith, and breach of fiduciary duty.

### A. Count I: Dissolution and Appointment of a Receiver Pursuant to Delaware's General Corporations statute

8 Del. C. § 291 provides the Delaware Court of Chancery with the power to appoint a receiver if the corporation is insolvent, and if this action would be in the best interests of the corporation's shareholders and creditors. Plaintiff alleges in his complaint that RSN is insolvent, and requests on this basis that the court dissolve RSN under § 291. Under § 291, however, insolvency is a necessary but not sufficient condition for appointment of a receiver and dissolution. *See Noble v. European Mtg. & Inv. Corp.*, 165 A. 157, 157 (1933) (stating that a "showing of insolvency alone will not result in the appointment of a receiver as a matter of course.") In order to invoke this remedy, the plaintiff must also demonstrate some other fraudulent or inequitable conduct by the defendants. *See Drob v. National Mem. Park*, 41 A.2d 589, 597 (Del. Ch. 1945) (stating, "a receiver is merely a remedy of an auxiliary and incidental nature and cannot be the sole object of the bill.") Here, Plaintiff's primary cause of action for fraud and mismanagement of RSN is contained in Count III of Plaintiff's claim. Plaintiff's request for the remedy of appointment of a receiver and dissolution of RSN depends upon the survival of Count III.

### B. Count III: Gross Negligence, Bad Faith and Breach of Fiduciary Duty

Plaintiff's primary claim in this case is that Defendants mismanaged RSN and engaged in acts of fraud, resulting in a decline in the value of RSN stock. Defendants claim that, under Delaware law, Plaintiff lacks standing to bring this

6

claim as a direct claim, and that he has not followed the law which would allow him to bring it as a derivative claim. *See Tooley v. Donaldson, Lufkin, & Jenrette, Inc.,* 845 A.2d 1031, 1036 (Del. 2004) (explaining the difference between direct and derivative claims.) Defendants claim, therefore, that pursuant to M.R.Civ.P. 12(b)(6), Plaintiff's complaint fails to state a claim for which relief can be granted, and must be dismissed.

Plaintiff appears to agree that he cannot bring this as a direct claim.[3] He asserts instead that he has met the legal requirements for bringing a derivative claim by pleading facts in the complaint that demonstrate that a demand on RSN's board of directors to pursue the corporation's claim would have been futile. *See* Delaware Chancery Rule 23.1[4]; *Brehm v. Eisner,* 746 A.2d 244, 256 (Del. 2000) (detailing Delaware's demand futility exception, i.e. a demand will be excused if either (1) under the particularized facts alleged, a reasonable doubt is created that the directors are disinterested or independent or (2) the pleading creates a reasonable doubt that the challenged transaction[5] was otherwise the product of a valid exercise of business judgment.)

Plaintiff claims that he has alleged facts sufficient to meet not just one but both of the demand futility tests. As to the first test, Plaintiff states that the

---

[3] A direct suit requires specific allegations that the complaining shareholder individually suffered damage, unrelated to harm to the corporation. *See Tooley v. Donaldson, Lufkin, & Jenrette, Inc.,* 845 A.2d 1031, 1033 (Del. 2004). Nothing in Plaintiff's complaint suggests this scenario.

[4] Under Delaware law, this rule is one of substantive right, not simply a technical rule of pleading. *See Lewis v. Aronson,* 466 A.2d 375, 380 (Del. Ch. 1983). It is therefore appropriately followed by this court as part of Delaware's corporation law.

[5] This second test is, in the present case, more properly stated as: whether the pleading creates a reasonable doubt that *the Board's approval of* the challenged transaction was otherwise the product of a valid exercise of business judgment. *See Grobow v. Perot,* 539 A.2d 180, 186 (Del. 1988) (overruled on other grounds by *Brehm*). *Brehm's* formulation of the second test is a product of the "challenged transaction" itself being a vote of the Board. Here, Plaintiff does not challenge any action of the Board other than its acquiescence in the mismanagement and fraud perpetrated by RSN officers.

complaint alleges the director defendants knowingly acquiesced in a pattern of lying and misrepresentation by RSN to important advertisers regarding the status of its contracts with various affiliates, and that the court must accept these allegations as true for purposes of a motion to dismiss. Plaintiff concludes that the only proper inference from the above is that the director defendants were directly implicated in the alleged improper conduct, and that, accordingly, he has created a reasonable doubt that the directors are disinterested and independent.

In fact, Plaintiff's complaint falls woefully short of the particularized pleading requirements under Delaware Chancery Rule 23.1, which requires that Plaintiff raise a reasonable doubt as to the independence of RSN's board of directors. *See Brehm*, 746 A.2d at 257, *Lewis v. Aronson*, 466 A.2d 375, 381 (Del. Ch. 1983). First, Plaintiff's complaint fails to allege the composition of RSN's board of directors at the time Plaintiff would have made a demand on the board. Plaintiff's complaint does identify Collins, Gomez, and Willis as directors of RSN, and thereafter refers to them as "Director Defendants." However, without being told the identity of every member of the board at the time the demand would have been made, the court cannot begin to evaluate Plaintiff's allegations concerning their lack of independence. Second, in reciting particular allegations of mismanagement and fraud, Plaintiff names only two of the individual defendants: Labbe and Dumais. Neither of these defendants is identified by Plaintiff as a member of the board of directors. Therefore, even if Plaintiff's allegations concerning these two defendants are enough to create reasonable doubt as to *their* independence, there is nothing in Plaintiff's complaint which

8

alleges that these two defendants would have been able to control a vote of the board of directors on whether or not to pursue an action against them on behalf of RSN.

In fact, as currently drafted, Plaintiff's complaint does not allege facts against Dumais that would raise a reasonable doubt as to his independence. Plaintiff's specific factual allegations against Dumais are merely that he negligently failed to finalize and execute an important affiliate station renewal contract. Even if this action constitutes gross negligence, it is not enough under Delaware law and the corporation's charter, for RSN to be able to hold Dumais personally liable. *See* 8 Del. C. § 102(b)(7) (allowing corporations to shield directors and officers from liability for any breach of fiduciary duty except breach of the duty of loyalty or good faith); RSN Corporate Charter, Defendants' Exhibit 1 at Article IX (limiting director and officer liability in accordance with § 102(b)(7).)

The only allegation in Plaintiff's complaint that begins to raise a question as to the independence of any of the defendants is Plaintiff's allegation against Labbe, that he instructed his staff to falsify a year-end advertising account reconciliation. As alleged by Plaintiff, this knowing misconduct ended in creation of a corporate liability greater than the benefit obtained from the action. On the facts alleged, it is permissible to infer that this misconduct was motivated by Labbe's desire to cover up a mistake for which he would otherwise have been held responsible, thus making it a breach of the duty of loyalty. However, Plaintiff has alleged neither that Labbe is a member of the board of directors and in that role capable of preventing the board from independently considering a

demand, or otherwise in control of the board of directors. Nor would a bald allegation of Labbe's control, without specific factual allegations supporting it, satisfy the requirement of particularity. *See Bergstein v. Texan Int'l Co.*, 453 A.2d 467, 473 (Del. Ch. 1982) (stating, "An allegation of domination and control, unsupported by underlying facts, does not satisfy the requirement of particularity.")

Plaintiff's assertion in his brief in opposition to Defendant's motion to dismiss, that the mere allegation of Board acquiescence in the mismanagement of RSN raises a reasonable doubt as to their independence, ignores Rule 23.1's mandate to "allege with particularity... the reasons for the plaintiff's failure to obtain the action or for not making the effort." For the reasons stated above, Plaintiff has not raised a reasonable doubt that any of the directors, much less a majority required to refuse a demand, were either interested or otherwise lacked independence. *See Brehm*, 746 A.2d at 257, *Lewis*, 466 A.2d at 381.

Under the second demand futility test, Plaintiff need not make a demand if he can raise a reasonable doubt that the Board's approval of the challenged transaction(s) was not the product of a valid exercise of business judgment. Plaintiff asserts that the business judgment rule cannot protect the director defendants from liability for gross negligence or bad faith in approving the challenged transactions. As already stated, however, pursuant to Delaware law and RSN's corporate charter, the directors are protected from personal liability for acts amounting to gross negligence. *See* 8 Del. C. § 102(b)(7); RSN Corporate Charter, Defendants' Exhibit 1 at Article IX. Therefore, Plaintiff's complaint would only meet the second demand futility test if it contains particularized

allegations of the Board's bad faith in approving the challenged transactions. The only corporate transactions alleged with particularity, for which the Board could have given approval in bad faith, are Dumais's and Labbe's actions, described above. Plaintiff has failed to allege any particular facts demonstrating that any of the Board members were even aware of the challenged transactions, much less that they approved of them in bad faith. Although the Board is generally charged with keeping itself reasonably informed of corporate activities, failure to meet this aspirational charge does not equate with director liability, especially in cases where the corporate charter protects directors from personal liability for acts of gross negligence. *See Brehm*, 746 A.2d at 256. The complete absence of particularized allegations showing the Board's knowledge of Dumais's and Labbe's actions, much less their approval thereof in bad faith, requires the court to reject Plaintiff's assertion of demand futility. *See id.*

In sum, *Brehm* states: "there is a very large—though not insurmountable—burden on stockholders who believe they should pursue the remedy of a derivative suit instead of selling their stock or seeking to reform or oust these directors from office." 746 A.2d at 267. Plaintiff's complaint falls well short of meeting this burden. Accordingly, as demand is neither excused, nor has it been made, Count III of Plaintiff's complaint must be dismissed. *See id., see also Manzo v. Rite Aid Corp.*, 2002 Del. Ch. LEXIS 147, (stating, "The breach of fiduciary duty claim against the director defendants is dismissed... because the... complaint does not state a direct claim and... plaintiff has not made demand on the board of directors and has not pled facts sufficient to show why demand should be excused.") (*aff'd*, Manzo v. Rite Aid Corp., 825 A.2d 239 (Del. 2003)).

Finally, as appointment of a receiver and dissolution is a remedy dependent upon a showing of fraudulent or inequitable conduct by the defendants, and Plaintiff's claim of fraudulent and inequitable conduct is dismissed, Plaintiff's request for relief under Count I must also be dismissed.

The entry is:

> Defendants' motion to dismiss plaintiff's complaint is GRANTED. Plaintiff's complaint is dismissed without prejudice.

Dated at Portland, Maine this _27th_ day of _March_, 2006.

Robert E. Crowley
Justice, Superior Court

DAVID JOHNSON ESQ
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101

TED SMALL ESQ
PO BOX 9729
PORTLAND ME 04104